HATCH, J.
The case does not disclose that prior to the present transaction the parties hereto had dealt upon the basis of broker and principal. Although there had been some dealings, their nature does not appear. The parties are, therefore, to be treated, at the opening of the present negotation, as buyer and seller. Upon this basis the telegram of plaintiff which opened the negotiation constituted an order for two boat loads of salt, as a purchaser. The answer was an acceptance of the offer to the extent of an agreement to furnith and ship the salt as soon as boats could be procured. As no terms were mentioned in the telegram or in the acceptance, a cash transaction would be implied. There was no employment in this transaction of plaintiff as a broker to effect a sale of the salt for the defendant, and thus far they stood in no such relation. Plaintiff followed his telegram with a letter, which showed that he was not intending to make the purchase for himself, but had received the orders from other parties, and was desirous of acting as agent for defendant in effecting the sale, and stated therein upon what terms the sale could be made, and how he would be paid. This apprised the defendant of the nature of the transaction and the attitude of the plaintiff. So understanding, the defendant had a clear legal right to accept or reject the proposition offered, or to impose any conditions upon his acceptance of the order which he chose, and was under nolegal or moral obligation to comply with Church, who had given plaintiff the order; for he was not bound to avail himself of plaintiff’s voluntary action. He had not employed him, and was under no legal obligation to accept his services. There must be an employment either express of implied, before a broker acquires rights, or liability can attach to the principal. At this time no such relation existed, and consequently no ■liability. Defendant resided at Syracuse, and was evidently desirous of being assured that the proposition was a safe one for him to accept, and would be carried out with fidelity. He therefore wrote a letter to plaintiff, accepting the offer, conditioned upon a confirmation by one McGrath that the order was satisfactory, and, upon advice by wire from him to that effect, he would ship the salt. Defendant had the right to impose this condition, and refuse ship.ment until it was obtained, and the plaintiff could earn no commissions until he procured such confirmation, so long as defendant was guilty of no act which would operate as a fraud upon plaintiff. There is no proof warranting this inference in the case. The confirmation that the order was satisfactory, by McGrath, was never obtained by plaintiff, and was never given; on the contrary, advice avainst it was made to defendant by McGrath. It is true that plaintiff testifies that McGrath declined to make any investigation of t.he matter, and arbitrarily refused to confirm the order; but for *615 this defendant was in no wise responsible. It is not shown that he did anything to influence McGraw’s action, or but that he acted ■in perfect good faith, as be clearly did within his legal right. Plaintiff, upon this evidence, failed in procuring a purchaser satisfactory to defendant, and in consequence no legal liability was imposed mpon him. The fact that a sale was afterwards effected of this salt to Church did not change the condition. There is nothing to show that he did not act in perfect good faith, so far as plaintiff was concerned. The case comes within the principle of Sibbald 17. Iron Works, 83 N. Y. 378.
Judgment should be affirmed, with costs.
All concur.