was error to hold that the petitioner had brought himself within the purview of the statute.

The judgment appealed from should be reversed, and the order appointing commissioners should be vacated. All concur.

---

FRASER v. BROWN.

(Supreme Court, Appellate Term. January 10, 1901.)

BROKERS—ACTION FOR COMPENSATION—SUFFICIENCY OF EVIDENCE.

    The plaintiff, in an action for commissions for the sale of a saloon, testified that he was in the real-estate business, but that he had sold but one parcel of real estate except his own, and had never sold any store property. Defendant did not know that plaintiff was engaged in such business. Plaintiff testified that the defendant authorized him to find a purchaser, and that he found and introduced the person who purchased the saloon. The defendant denied that he authorized plaintiff to sell the property, and the purchaser denied that plaintiff introduced him to defendant, but admitted that plaintiff told him of the property. The defendant testified that there was a common rumor about the place being for sale, and that the plaintiff, though present, took no part in the final negotiations, which was corroborated by defendant's wife. *Held* not sufficient to sustain a judgment for plaintiff.

Appeal from municipal court, borough of the Bronx.

Action by James W. Fraser against Herman Brown. From a judgment in favor of the plaintiff, the defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Edward Miehling, for appellant.

Arthur J. Westermeyer, for respondent.

GIEGERICH, J.[1] The action is for broker's commissions claimed to have been earned by the plaintiff in bringing about the sale of the defendant's liquor store, situate on the southwest corner of 143d street and Willis avenue, in the borough of the Bronx. The pleadings were written, and the answer was a general denial. The plaintiff testified that he had been acquainted with the defendant three or four years, having made his acquaintance while engaged in the construction of a building in the vicinity of his saloon, which he sometimes used for the purpose of paying off his men, the defendant cashing plaintiff's checks for him; that the plaintiff was a frequenter of the defendant's saloon; and that in January, 1899, the following conversation took place between them in the defendant's saloon, viz.:

"He [defendant] told me [plaintiff] he had the place for sale, and asked me, through my acquaintances, whether I could find a buyer for it. I asked him the price of the place, and he told me, and I said I would see what I could do. * * * He told me right after that that he had a deal on with— I think his name is Bernard Bockhaus. He thought the deal would go through."

---

[1] Opinion rendered by the Associate Justices after the death of Presiding Justice BEEKMAN.

The plaintiff further testified as follows:

"Q. Subsequent to that, did you have any conversation with him? A. Yes; I met him about a month or two afterwards,—about two months after. Q. What was said by you and him at that time? A. He said that the deal with Bockhaus had fallen through. Q. What did he tell you about selling the place? A. To see if I could find some one. Q. What did you do with respect to trying to find some one? A. I told him I knew some one, but did not know whether he had the ready cash to go into it, but would see him about it."

The plaintiff further gave testimony to the effect that he introduced the defendant to one John F. Lalor, the result of the introduction being, in plaintiff's words, "a little quarrel over the price of the saloon; they could not agree on the price; Lalor said he wanted too much;" that some time in June, 1899, the latter purchased the saloon, and that he (plaintiff) was present, with others, when the transaction was closed in the defendant's place of business, and that upon that occasion he demanded of the latter payment of the commissions in suit. Although the plaintiff testified that he was engaged in the real-estate and building business, he admitted, upon cross-examination, that he had sold but one parcel of real estate, other than his own, and that he had never sold any store property. Lalor gave testimony for the plaintiff to the effect that the latter informed him that the saloon was for sale, and that when he first called upon the defendant with a view of purchasing it he was alone, and that the only time the plaintiff accompanied him to the saloon, other than the occasion when the purchase was closed, was in the latter part of April or May, 1899, when they were accompanied by one Sites, and that they then had no conversation about the store, but, according to this witness, "dropped in to have a drink, merely to see how business was going on during Saturday night." The defendant, on the other hand, positively denied that he had ever employed the plaintiff to find a purchaser for his saloon, and testified that he never had any conversation with the plaintiff regarding the matter; that Lalor called upon him, and told him it was common rumor that the place was for sale; that the plaintiff, although present with others when the bargain was closed, took no part in the negotiations which resulted in the sale, and that he made no mention of, or any demand for, commissions until the papers had been delivered. The defendant's wife corroborated her husband's testimony as to what occurred at the time when a sale was consummated. A motion to dismiss the complaint was made when the plaintiff rested, and again upon the close of the entire case, which was denied, and the defendant took an exception in each instance.

The case was then submitted to the jury, which rendered a verdict in favor of the plaintiff for the full amount claimed. We think the evidence is clearly insufficient to support such finding. The record fails to show that the defendant knew that the plaintiff was engaged in any other calling than that of a builder, or that he announced himself to the defendant at any time before the sale of the saloon as a broker, or that he expected payment of commissions in case a sale thereof was effected through his efforts, or, indeed, that he made any efforts, except to tell the purchaser that the property

was for sale. Under these circumstances, the trial justice erred in refusing to dismiss the complaint. Sibbald v. Iron Co., 83 N. Y. 378; Manufacturing Co. v. Yorkston, 11 Misc. Rep. 340, 32 N. Y. Supp. 263; White v. Molloy, 9 App. Div. 101, 41 N. Y. Supp. 162; Keener v. Harrod, 56 Am. Dec. 706.

The judgment, therefore, is without sufficient evidence to support it, and hence the same must be reversed, and a new trial ordered, with costs to the appellant to abide the event.