## HURD v. LEE.

(Supreme Court, Appellate Division, Second Department. April 30. 1909.)

BROKERS (§ 40*)—COMPENSATION—EMPLOYMENT OF BROKER.

Where it does not appear that defendant's husband, in telling plaintiff to get a customer for his wife's real estate, knew that plaintiff intended making any charge, or that he had any authority to employ plaintiff, or that defendant had any knowledge of such employment, or ever ratified it, plaintiff is not entitled to commissions on a sale to a person whom he told of his conversation with defendant's husband and advised that in his opinion it was a good place to purchase.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 40.*]

Appeal from Dutchess County Court.

Action by Robert C. Hurd against Mary E. Lee. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and a new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

William R. Lee, for appellant.

John F. Ringwood, for respondent.

RICH, J. The plaintiff has judgment in an action brought to recover broker's commissions for the sale of real property owned by the defendant. His employment is based upon a conversation had with the defendant's husband. He testifies as follows:

"I told him that I was doing some business in real estate. He said, 'I want to sell my place,' and I said, 'I think I can get you a customer, or sell it for you.' He says, 'Go ahead.'"

He said that $3,500 was stated as the price for which the property could be bought. Plaintiff informed his mother-in-law of his con-

versation with the defendant's husband, and advised her that in his opinion it was a good place to purchase, which she subsequently did. This conversation constitutes the effort of the plaintiff to sell the property. The defendant had, before the conversation narrated, caused the property to be placed in the hands of a real estate agent for sale. It does not appear that the defendant's husband knew that plaintiff intended making any charge for his services, or that he had any authority to employ the plaintiff, or that defendant had any knowledge of such employment, or that she ever ratified it. The plaintiff had been engaged for years in the business of buying and selling cattle and produce, and the defendant had no knowledge that he was in the real estate business.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.