(155 App. Div. 387.)

### HEVIA v. WHEELOCK.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. CONTRACTS (§ 1*)—ACTION FOR BREACH—GROUNDS OF ACTION.

To recover upon a contract to pay for services, there must be parties competent to contract, subject-matter, consideration and performance, or its equivalent.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. ACTION (§ 50*)—MISJOINDER—PARTIES AND INTERESTS INVOLVED.

The failure to separately state two separate and distinct causes of action, one for commissions for effecting an exchange of property, and the other for services in procuring a loan to the owner of one of the properties, as required by Code Civ. Proc. § 483, does not prevent their consideration on demurrer.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

3. CONTRACTS (§ 79*)—CONSIDERATION—PAST SERVICES.

The complaint in an action for compensation for effecting an exchange of property showed a written contract between defendant and one H. for an exchange of property, containing a recital that the sellers agreed that plaintiff had brought about the sale, and agreed to pay a broker's commission to him in the event that the title should close and the deeds be delivered, and that thereafter at their request plaintiff tried to effect an exchange. Held, on demurrer, that, as the agreement was executory and related to past services, it rested upon no consideration, and was unenforceable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 357–381; Dec. Dig. § 79.*]

4. CONTRACTS (§ 186*)—RIGHTS OF THIRD PERSONS.

The complaint in an action for commissions for effecting an exchange of properties did not allege the character of plaintiff's business, or an express agreement for a commission, but alleged a contract between defendant and a third person, reciting their agreement that plaintiff brought about the sale, and was to be paid a broker's commission in the event that the title should close and the deeds be delivered. Held, on demurrer, that the recital that plaintiff brought about the sale was only an evidentiary fact by way of admission to a third person, and that, as the recited promise to pay was not made to plaintiff, he could not recover thereon.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 790–797; Dec. Dig. § 186.*]

5. WORK AND LABOR (§ 4*)—ACCEPTANCE OF SERVICES.

The conscious acceptance of the services of one regularly engaged in the business of real estate brokerage may raise an implied contract to pay therefor.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

6. WORK AND LABOR (§ 4*)—PERFORMANCE OF SERVICES.

The complaint alleged the making of a written contract between defendant and one H. for an exchange of land, conditional upon H. procuring a loan on the property of defendant, and that thereafter plaintiff at the request of H. and of the defendant, at his own expense, procured a title examination of the properties, in order that H. could obtain such loan, and that a loan was procured in consideration of the express promise by H. to pay plaintiff a fixed sum. Held, on demurrer, that whatever

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

services were rendered were in reliance upon H.'s express promise to pay, and not upon any implied contract arising out of defendant's request.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

7. PARTIES (§ 30*)—DEMURRER—DEFECT OF PARTIES.

A complaint alleging a joint employment by defendant and one H. was demurrable upon the ground of defect of parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 42–45, 47; Dec. Dig. § 30.*]

Appeal from Special Term, Kings County.

Action by Alfred A. Hevia against William E. Wheelock. From an order of the Special Term granting plaintiff's motion for judgment on the pleadings, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George A. Strong, of New York City, for appellant.
William G. Cooke, of New York City, for respondent.

BURR, J. Defendant having demurred to the complaint in this action upon two grounds, first, that it did not state facts sufficient to constitute a cause of action, and, second, that there was a defect of parties defendant, therewith tendering to plaintiff a better plea, a motion was made by plaintiff for judgment on the pleadings, and from an order granting such motion this appeal comes.

[1] The question involved is a very simple one under the law of contracts. To recover upon a contract to pay money for services, there must be parties competent to contract, subject-matter, consideration, and performance or its equivalent. A lack of either element is fatal.

This complaint alleges the making of a written contract on July 17, 1912, between defendant as executor of the last will and testament of William A. Wheelock, deceased, and one Gertrude Horowitz, for an exchange of lands situated in the Borough of Manhattan, the deeds to be delivered on or before August 15th of the same year. This contract was conditional upon said Horowitz on or before August 5, 1912, "procuring a loan of $75,000 on the property of the party of the first part" (defendant). Notice of the success or failure of said Horowitz to procure this loan was to be given defendant on or before the date named. By consent of the parties to the contract the time within which such loan was to be procured was extended to August 8th, and the amount thereof reduced to $60,000. Before August 8th the said loan was secured, and on that day notice was given. Prior to the law day fixed in the contract for exchange, and on August 12th, defendant repudiated the contract and so notified Horowitz.

[2] The complaint further alleges that after the making of the contract of July 17th, at the request of Gertrude Horowitz and defendant, plaintiff, upon his own credit and responsibility, employed and procured the Title Insurance & Trust Company to examine the title of the properties to be exchanged, in order to enable said Horo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

witz to obtain the loan provided for in said contract. But this allegation is coupled with the further allegation that the procurement of this loan by plaintiff was in consideration of the express promise of said Horowitz to pay him the sum of $3,000 therefor, which sum was subsequently reduced and fixed at $2,400. Although not separately stated as required by the Code of Civil Procedure (section 483), plaintiff has attempted to state two separate and distinct causes of action, one for commissions for effecting an exchange of the properties referred to, and the other for services in procuring a loan to Horowitz upon one of them. The failure to separately state these does not preclude thus considering them. Wiles v. Suydam, 64 N. Y. 173. As to each plaintiff has failed.

[3-5] So far as the cause of action arising out of the claim for compensation for effecting an exchange of properties is concerned, plaintiff's complaint is faulty, in that it fails to allege consideration for the contract sought to be enforced. Passing without discussion the very serious question whether the complaint alleges a contract between defendant and Horowitz which became effective by delivery, nowhere does it allege plaintiff's employment by defendant, and the rendition of services in reliance upon the strength thereof. It is true that the contract between defendant and Horowitz contains these words:

"The sellers hereby agree that Alfred A. Hevia [meaning the plaintiff] brought about this sale and agreed to pay the broker's commission of. 1% to him, and in the event that the title shall close and the deeds be delivered."

. But this is nothing more than an evidentiary fact by way of admission, not made to plaintiff, but to a third person, that plaintiff brought about the sale. Notman v. Galveston Steamship Co., 137 App. Div. 851, 122 N. Y. Supp. 598. But, even if plaintiff did bring about the sale, there must be an agreement, express or implied, to compensate him therefor. White v. Molloy, 9 App. Div. 101, 41 N. Y. Supp. 162. There is no allegation of an express agreement. If plaintiff was regularly engaged in the business of real estate brokerage, conscious acceptance of his services in this capacity might raise an implied contract to pay therefor, but the same rule does not otherwise apply. Hurd v. Lee, 132 App. Div. 110, 116 N. Y. Supp. 445; Main v. Eagle, 1 E. D. Smith, 619; Fraser v. Born, 33 Misc. Rep. 591, 67 N. Y. Supp. 966. There is no allegation in the complaint as to the character of plaintiff's business, and for anything therein disclosed plaintiff, without defendant's knowledge, and as a mere friendly act to one or both of the parties, or from some purpose of his own advantage, may have busied himself to bring about the execution of the contract. The promise to pay, contained in the clause above referred to, was not made to plaintiff, nor to any one obligated to plaintiff so that plaintiff might take advantage of such promise, and being executory in character, as all of the services in connection therewith, if any were rendered, were past services, such promise rests upon no consideration, and is unenforceable.

[6] So with regard to the cause of action which plaintiff attempts to state in connection with the loan transaction. Reading the allega-

tions above referred to respecting defendant's request to plaintiff in connection with the other allegation of Horowitz's promise to pay him therefor, we conclude that whatever services were rendered were in reliance upon Horowitz's express promise to pay, and not upon any implied contract arising out of defendant's request.

[7] But, if the said Horowitz is not solely liable therefor, then the complaint must be deemed to allege a joint employment by defendant and said Horowitz, and the demurrer upon the ground of defect of parties is well taken.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.