(162 App. Div. 759)

### HEVIA v. WHEELOCK.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

1. BROKERS (§ 82*)—ACTION FOR COMPENSATION—COMPLAINT—SUFFICIENCY.

A complaint in a broker's action for commissions, which alleged that defendant employed him to negotiate an exchange of land, for which he agreed to pay a commission of 1 per cent.; that he brought to defendant a person acceptable to him, with whom defendant contracted, and a refusal to pay the commissions—stated a cause of action for commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

2. ACTION (§ 38*)—SEPARATE CAUSES OF ACTION.

A complaint in a broker's action stated a cause of action for commissions on an exchange of land, and then: (a) That at the request of defendant and the other property owner he, plaintiff, had employed a title company to examine the titles, whose services were worth $3,500, for which plaintiff was responsible; and (b) that the other property owner had employed plaintiff to obtain a loan upon the property to be conveyed to her by defendant, for which she agreed to pay him $2,400, and that he, plaintiff, was prevented from earning this by defendant's refusal to convey; and (c) that, with defendant's knowledge, the other owner had agreed to pay him $4,500 for effecting the exchange, which he was prevented from earning by defendant's refusal to convey; and sought judgment, in addition to commissions, for special damages for all such items. *Held*, that subdivisions (a), (b), and (c) stated separate and independent causes of actions, being based upon separate and distinct contracts from that for commissions, and were not merely allegations of special damages.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565; Dec. Dig. § 38.*]

3. PLEADING (§ 193*)—DEMURRER—FAILURE TO SEPARATELY STATE AND NUMBER CAUSES OF ACTION.

The failure to separately state separate and distinct causes of action, one for commissions for effecting an exchange of property and the other

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for services in procuring a loan to the owner of one of the properties does not prevent consideration of their separate sufficiency on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

4. BROKERS (§ 82*)—PARTIES (§ 30*)—ACTION FOR COMPENSATION—NECESSARY PARTIES—OMISSION.

A complaint in a broker's action, alleging that, at the instance of defendant and the other property owner, he, plaintiff, employed a title company, whose services were worth $3,500, for which plaintiff was responsible, was demurrable for not making such other owner a party, the contract being joint, and for not alleging performance of the services by such company.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82;* Parties, Cent. Dig. §§ 42–45, 47, 48, 51; Dec. Dig. § 30.*]

5. BROKERS (§ 74*)—ACTION FOR COMPENSATION—COMPLAINT—SUFFICIENCY.

A complaint in a broker's action which, after stating a cause of action for commissions, alleged as a distinct cause of action that the other property owner had employed him to obtain a loan on the property to be conveyed by defendant to her, for which she agreed to pay him $2,400, but that, owing to defendant's refusal to convey, he was prevented from perfecting the loan, stated no cause of action against defendant; he not being a party to such contract, and the allegation that he was prevented from earning the $2,400 by defendant's failure to comply with his contract being a mere conclusion.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. § 74.*]

6. BROKERS (§ 74*)—ACTION FOR COMPENSATION—COMPLAINT—SUFFICIENCY.

A complaint in a broker's action which, after stating a cause of action for commissions, alleged as a separate cause of action and ground of recovery that, with defendant's knowledge, the other property owner had agreed to pay him also, as commissions, $4,500, which he was prevented from earning by defendant's failure to convey, stated no cause of action against defendant; there being no connection between defendant's failure to carry out his contract and the other owner's failure to pay plaintiff such commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. § 74.*]

7. ACTION (§ 47*)—JOINDER OF ACTIONS—CONTRACT AND TORT.

Such complaint was not defective as a whole for joining a cause of action arising upon contract with one arising upon tort; there being no allegation that defendant induced the other property owner to break her contract with plaintiff.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469, 470, 472–489; Dec. Dig. § 47.*]

Appeal from Special Term, Kings County.

Action by Alfred A. Hevia against William E. Wheelock. From an order overruling his demurrer, defendant appeals. Modified and affirmed.

See, also, 155 App. Div. 387, 140 N. Y. Supp. 351.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

George A. Strong, of New York City, for appellant.
William G. Cooke, of New York City, for respondent.

BURR, J. [1] Defendant appeals from an order overruling his demurrer and granting plaintiff's motion for judgment on the pleadings.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the first paragraph of the complaint, plaintiff alleges that he was regularly engaged in business in the city of New York as a real estate broker, and that on or about July 1, 1912, defendant employed him to negotiate, and if possible bring about, the exchange of a certain parcel of land, situated in the borough of Manhattan, belonging to him, for other real property situated in said borough, for which services he agreed to pay a commission of 1 per cent. of the value of the land, which commission was afterwards fixed at $2,000. In the second paragraph of said complaint he alleges that on July 17, 1912, he brought to defendant a person acceptable to him, to wit, one Gertrude Horowitz, with whom defendant entered into a contract in writing for an exchange of properties. In the fourth paragraph thereof he alleges a refusal on the part of defendant to pay the sum agreed to be paid for commissions, and part of the relief demanded is for the recovery of said sum of $2,000. These allegations, if true, state a complete cause of action for the recovery of commissions. Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439, affirmed on opinion below, 186 N. Y. 566, 79 N. E. 1100. In addition to the allegations above referred to, the complaint further alleges, in a paragraph thereof designated "Third," in substance, that said defendant broke his contract with Gertrude Horowitz, and in separate subdivisions of a paragraph designated in the complaint as "Fourth": (a) That on July 17, 1912, at the special instance and request of defendant and said Horowitz, he employed the Title Insurance Company of New York, upon his credit and responsibility, to examine the title of the property so to be exchanged, and that the "value of the service so rendered by said Title Insurance Company of New York, is $3,500"; (b) that said Horowitz employed plaintiff to obtain a loan on the property to be conveyed by defendant to her, for which she agreed to pay him $2,400; that he did fully arrange and provide for said loan, but that, owing to defendant's refusal to convey his said property to Horowitz, "such loan was not and could not be obtained, whereby plaintiff was prevented from earning and receiving the sum of $2,400 aforesaid"; (c) that at the time of the making of the written agreement aforesaid, it was, with the knowledge and consent of defendant, agreed between plaintiff and said Gertrude Horowitz that she should pay for plaintiff's services in bringing about the said exchange to plaintiff, a commission amounting to $4,500 upon the consummation of such exchange, but that by the aforesaid default and refusal of defendant plaintiff has been deprived of and prevented from receiving the same. For these various sums, to wit, $3,500, $2,400, and $4,500, plaintiff also demands judgment in addition to the sum of $2,000, claimed to be due for negotiating the exchange between defendant and said Horowitz.

Contending that the various subdivisions hereinbefore designated as (a), (b), and (c) constitute separate and distinct causes of action from that first hereinbefore set forth, defendant as to these causes of action demurs upon the ground: First, that as to each of them the complaint does not state facts sufficient to constitute a cause of action; and, second, that as to each of them there is a defect of parties, in that the contracts therein referred to, if any, were joint contracts, to which

said Gertrude Horowitz was a party, and that she has not been made a party defendant in this action. Finally, defendant demurs to the entire complaint upon the ground that causes of action have been improperly united in said complaint, to wit, a supposed cause of action upon contract for services in effecting an exchange of said properties, and a supposed cause of action on contract for services in the employment of the Title Insurance Company, with supposed causes of action in tort for causing to plaintiff his loss of commissions for procuring a loan to said Gertrude Horowitz and for causing plaintiff his loss of commissions from her for his services in bringing about an exchange of her property with defendant.

[2, 3] Respondent contends that the complaint sets up but a single cause of action, and that the allegations contained in those subdivisions of paragraph fourth, hereinbefore referred to as (a), (b), and (c), are but allegations of special damage resulting from the breach of defendant's contract with plaintiff. This presents the first question for determination. As we have before pointed out, the cause of action for commissions for services as a real estate broker in effecting an exchange of properties was fully and completely set forth in the first, second, and so much of the fourth paragraphs of the complaint as alleges nonpayment. None of the other allegations contained therein were necessary or material to such cause of action. If the complaint effectively sets up any other cause of action, it is based either upon a separate and independent contract of employment, as in the case of the alleged employment of the Title Company, or upon a separate and independent breach of a contract other than the contract of plaintiff's employment by defendant, to wit, his agreement with Gertrude Horowitz for an exchange of properties or a duty of defendant in connection with the latter contract. These necessarily constitute separate causes of action. The fact that plaintiff has not separately stated them does not preclude us from so considering them if in truth they are such, nor does the fact that he may have insufficiently stated some of them answer just and proper criticism thereon. Hevia v. Wheelock, 155 App. Div. 387, 140 N. Y. Supp. 351; O'Connor v. Virginia P. & P. Co., 184 N. Y. 46, 76 N. E. 1082; People v. Equitable Life Assurance Society, 124 App. Div. 714, 727, 109 N. Y. Supp. 453; Todaro v. Somerville Realty Co., 138 App. Div. 1, 122 N. Y. Supp. 509.

[4] Viewed, then, as a separate cause of action, the demurrer was well taken to that portion of the complaint relating to an alleged cause of action in connection with the employment of the Title Company to examine the title to the properties in question: First, for defect of parties because it alleges a joint contract of employment by defendant and Gertrude Horowitz; and, second, because there is no allegation that the Title Company, although employed, ever rendered any service whatever. It is true that after alleging that the contract was entered into "at the special instance and request of the defendant and the said Gertrude Horowitz," the pleader adds that he relied "upon the defendant's promise to pay therefor." But if the contract was a joint contract, the fact that by reason of defendant's greater financial responsibility, or for any other reason, plaintiff relied to a greater de-

gree upon his obligation than upon that of his co-contractor could not change the nature of the contract from a joint to a several, or from a joint to a joint and several one. Again, plaintiff does not seek to recover any damages which the Title Company might be able to recover from him for breach of the contract of employment by him, but for the value of services which apparently have never been rendered.

[5] As to the claim arising upon subdivision (b) of paragraph fourth above referred to, it is sufficient to say that if this rests upon contract, it is not the contract of defendant. Plaintiff alleges that Gertrude Horowitz employed him to procure a loan for her, and that he did procure the same for her. Within the authorities hereinbefore cited, that would entitle him to recover from her the contract price of his services. The additional allegation that by defendant's refusal to carry out his contract for exchange with Gertrude Horowitz, plaintiff was prevented from earning and receiving the sum of $2,400 agreed to be paid is not only a conclusion of law, but an erroneous conclusion. The fact that these allegations are coupled with a further allegation that plaintiff agreed with said Gertrude Horowitz that she "should be able to obtain a loan on the property of the defendant to be conveyed to her," in connection with the allegation of defendant's breach of his contract for exchange, may perhaps give Gertrude Horowitz, in connection with her cause of action for such breach, the damages which she had to pay to plaintiff for the breach of her contract with him respecting such loan, provided that contract was made with defendant's knowledge and consent. But plaintiff can derive no benefit therefrom, for he was not a party to such contract, nor is Horowitz' obligation to him in any manner affected by defendant's breach thereof.

[6] In like manner, the allegations contained in subdivision (c) of paragraph fourth are insufficient, for there is no connection between defendant's refusal to carry out his contract with Gertrude Horowitz and her refusal to pay plaintiff the commissions which he was entitled to recover from her in bringing about such exchange. If such commissions were only to be paid upon the consummation of such exchange, then such commissions never became due from her. If they did become due when the contract for exchange was executed, defendant's breach of that contract with Gertrude Horowitz would not absolve her from obligation to plaintiff. We think, therefore, that the separate demurrers to the causes of action attempted to be stated in the paragraphs of the complaint hereinbefore designated as subdivisions a, b, and c of paragraph fourth were well taken, and should be sustained, and judgment directed for defendant thereon.

[7] We think, however, that the third ground of demurrer, which goes to the entire complaint for the reason that causes of action arising upon contract have been united with causes of action arising upon tort, is not well taken. There is no allegation that defendant induced Gertrude Horowitz to break either of the contracts which she made with plaintiff. Without determining whether even in such case defendant would be guilty of actionable wrong, for the purposes of this action it is sufficient to say that defendant's breach of his contract with her may have been the occasion, but it was not the cause, of the breach

of either of the contracts which she entered into with .plaintiff.' In considering such a demurrer, we are limited to a consideration of the particular defect and objection specifically pointed out. Code Civ. Proc. § 490. As a demurrer to the entire complaint upon this ground is not well taken as to the first separate cause of action, to wit, that for the recovery of $2,000 for commissions in procuring a contract for the exchange of properties, there is no sufficient ground of demurrer, and to that extent plaintiff is entitled to relief upon his motion.

The order appealed from should be modified in accordance with this opinion, and, as modified, affirmed, without costs, but with leave to defendant, within 20 days after entry of this order, to apply to this court at a Special Term thereof, to withdraw the demurrer specified in the third ground thereof, and for leave to answer the complaint as to the first cause of action stated therein, upon such terms as may be just. All concur.