FRED G. KINSCHERF, Impleaded with EURIPIDE COMNINAKI, Plaintiff, *v.* ARISTIDES M. BISTIS, Defendant.

(Supreme Court, Kings Special Term, November, 1918.)

Damages — sales — ships and shipping — pleading — when demurrer to complaint sustained.

> Where in an action against the alleged purchaser of a certain steamship, to recover for his failure to complete the purchase, the plaintiff measures his damages by the amount of commission he would have received if the sale had been consummated, upon the ground, as alleged in the complaint, " that upon the consummation and performance of said purchase agreement, to the knowledge of defendant  *  *  * " plaintiffs and others were to receive a commission from the seller, a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action will be sustained.

DEMURRER to complaint.

Bernard Naumberg, for plaintiff.

Kurth, Woolsey & Hickox (Thomas F. Curley, of counsel), for defendant.

MANNING, J.    The demurrer interposed by the defendant attacks the validity of the plaintiff's complaint upon two grounds:

*First,* that it appears on the face of the complaint that there is a misjoinder of parties plaintiff, and that it appears that the plaintiffs are not united in interest in any demand or demands alleged in the complaint to exist against the defendant.

*Second,* that the complaint does not state facts suffi-
cient to constitute a cause of action. Of course, if the
second ground of demurrer is held to be good, then the
disposition of the primary objection becomes immate-
rial, and as I read the pleading, I am inclined to the
belief that the complaint wholly fails to set forth a
cause of action, and consequently the demurrer must be
sustained. The essential allegations of the complaint
are as follows: " *First.* That on or about the 10th day
of September, 1918, the defendant agreed to purchase
from Christopher Hannevig, Inc., a corporation doing
business at 32 Broadway, in the Borough of Man-
hattan, City of New York, which corporation agreed
to sell same, a certain steamship of about four thou-
sand two hundred tons (4200) deadweight tonnage.
*Second.* That upon the consummation and perform-
ance of said purchase agreement, to the knowledge of
the defendant, the plaintiff Fred C. Kinscherf,
Euripide Comninaki impleaded with said Kinscherf,
George Archer, Fred Soter and Efstraty Soter, were
to receive from said Christopher Hannevig, Inc., as
brokerage commission the sum of forty-two thousand
($42,000) dollars, of which said Euripide Comninaki,
impleaded as aforesaid, was to receive one-fourth
(1/4) being ten thousand five hundred ($10,500)
dollars. *Third.* That the defendant wholly failed and
refused to consummate and perform the said agree-
ment of purchase, on his part to be consummated and
performed, and still refuses and neglects to so consum-
mate and perform without any fault or neglect on the
part of the plaintiff or his assignors herein or on the
part of the said Christoffer Hannevig, Inc. *Fourth.*
That heretofore and prior to the beginning of this
action, George Archer, Fred Soter and Efstraty Soter
aforesaid duly assigned their claims against the
defendant to the plaintiff, Fred G. Kinscherf." It

further appears from the complaint that Euripide Comninaki, impleaded as aforesaid, has settled with the defendant and withdrawn his claim, leaving only Fred G. Kinscherf as the plaintiff herein. Then follows an allegation as to the non-payment of the claim of the plaintiff and his assignors, and a demand for judgment in the sum of $31,500, with interest and costs. It will be observed at once, that this is not the usual and ordinary case of a broker suing for his commission upon a sale pursuant to a contract of employment by the seller or owner of the property sold. The plaintiff here sues, *not the seller,* but the *alleged purchaser,* for damages in failing to complete the purchase, and measures the amount of his damage by the amount of commission he would have received if the sale had been consummated, upon the ground, as we may infer from the complaint, *" That upon the consummation and performance of said purchase agreement, to the knowledge of the defendant,* \* \* \* *"* the plaintiff, and the other persons referred to, were to receive a commission. Upon the argument of the motion, counsel for the plaintiff was frank enough to state that the proposition contended for by him, was, to say the least, a novel one, so far as the courts of our own state are concerned, and that he could not refer the court to any New York authority which upheld the principle asserted by him, but he contends that the courts of some of the other states have held that such an action can be maintained. He refers particularly to the case of *Eells Bros.* v. *Parsons,* 132 Iowa, 543, but an examination of the case referred to clearly shows that it is not at all analogous to, or in point with the instant case. The court in that case, Deemer, J., says, at page 546: " Plaintiff is suing for breach of a contract *made between it and the defend-*

*ant,* and not upon the commission contract made with the land company. It has, as we have already said, not earned these commissions, and was prevented from doing so by defendant's failure, without excuse, to keep and perform *his engagement with the plaintiff."* In the instant case, there is no allegation in the complaint of any contract on the part of the defendant with the plaintiff, and hence, the citation is no authority. He also cites *Livermore* v. *Crane,* 26 Wash. 529; 57 L. R. A. 401, and an examination of this authority also discloses the existence of a contract made with the plaintiff, which, of course, is not the situation disclosed in the case at bar, and so with the other authorities referred to by counsel for the plaintiff, an examination discloses a situation which differentiates all of them from the case presented by plaintiff here. Neither counsel to this controversy referred the court to a New York authority, nevertheless, I find upon research, that the question has been touched upon in our own courts. In the case of *Hevia* v. *Wheelock,* 162 App. Div. 759, the Appellate Division of the second department had before it a case where a demurrer was interposed, in which the same doctrine was contended for as that asserted by the plaintiff here, and the court, Burr, J., writing the opinion, held that the allegations of the complaint similar in character to the allegations of the complaint here, set forth no cause of action. The reasoning set forth by Judge Burr, I think, applies to the situation as presented here, and it follows, therefore, that the complaint of the plaintiff fails to set forth a good cause of action. The demurrer is sustained, with leave to the plaintiff to plead over within twenty days on payment of costs.

Demurrer sustained.