## (April 26, 1955.)

BAMBI FABRICS CORP., Respondent, *v.* N. V. WOLLENSTOFFENFABRIEK GEORGE DROGE, Appellant.

*Per Curiam.* The evidence was insufficient to support a finding that defendant, expressly or impliedly, undertook to pay plaintiff a commission on the sale made to Goodman. There were no prior business dealings between the

parties. Although plaintiff may have expected to receive a commission, the testimony and correspondence in evidence fail to reveal a communication of that expectation to defendant. Nor do they disclose a basis for an inference that defendant should reasonably have known of such expectation, if any there was. On the contrary, in the concluding portion of the letter in which plaintiff informed defendant of Goodman's prospective purchasing trip to Europe, plaintiff stated: "We are anxiously awaiting your new fall line for 1952 so please send it along as *we want to start doing business for you.*" (Emphasis supplied.) This, in addition to the correspondence generally, is a clear indication that the parties were, at best, merely at the threshold of dealings for compensation. In any event, plaintiff failed to prove that a contractual obligation had been incurred by defendant.

Accordingly, the judgment should be reversed, with costs to appellant, and the complaint dismissed.

RABIN, J. (dissenting). It is clear that there was no express agreement on the part of the defendant to pay a commission to the plaintiff. However, the defendant knew that the business of the plaintiff was to seek customers or procure orders for foreign mills such as the defendant and that in the ordinary course of business, sales agents are paid commissions for such services. It is not disputed that as a result of plaintiff's sending a customer to defendant, a sale was made in a substantial amount. The defendant had previously been informed of the forthcoming visit of the customer and was advised that he was on a purchasing trip.

Under the circumstances, I believe it became a question of fact as to whether the parties did not intend that the plaintiff be paid a commission if a sale were made. And there was also a question of fact as to whether there was not created an implied undertaking on the part of the defendant to pay a commission in view of its having accepted the services of the plaintiff who was, to the knowledge of the defendant, engaged in the business of rendering such services for compensation. As stated in *Hevia* v. *Wheelock* (155 App. Div. 387, 389–390), "If plaintiff was regularly engaged in the business of real estate brokerage, conscious acceptance of his services in this capacity might raise an implied contract to pay therefor." These questions were, I believe, properly submitted to the jury and a verdict was found in favor of the plaintiff. Accordingly, I dissent and vote for affirmance of this judgment.

Callahan, J. P., Breitel, Bastow and Botein, JJ., concur in *Per Curiam* opinion; Rabin, J., dissents and votes to affirm, in opinion.

Judgment reversed, with costs to the appellant, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs.