JERRY ACKERMAN V. J. F. BRYAN ET AL.

[FILED NOVEMBER 25, 1891.]

1. The Petition examined, and *held* to state a cause of action.

2. Verdict.   A verdict will not be set aside for errors committed without prejudice to the plaintiff in error.

3. ———.   Where a verdict is returned for the plaintiff in an action upon contract, the defendant cannot complain that the verdict is not justified by the evidence because, under the contract, plaintiff should have recovered a larger sum, or nothing. (*Fischer v. Holmes*, 24 N. E. Rep. [Ind.], 377.)

ERROR to the district court for Gage county.    Tried below before BROADY, J.

*A. Hardy,* for plaintiff in error, cited: *Wasson v. Palmer,* 13 Neb., 378; *Ballard v. State,* 19 Id., 619; *Fitzgerald v. Meyer,* 25 Id., 82; *Greer v. Blanchar,* 40 Cal., 194; *Schuyler Nail. Bank v. Bollong,* 24 Neb., 828; *Peck v. Lake,* 3 Lans. [N. Y.], 136; *Tibbetts v. Sternberg,* 66 Barb. [N. Y.], 201; *Van Every v. Fitzgerald,* 21 Neb., 36–41; Thompson, Trials, 1970, and cases; *St. Louis Brewing Co. v. Bodeman,* 12 Mo. App., 573.

*R. S. Bibb, contra.*

NORVAL, J.

This action was brought in the court below by the defendants in error to recover the sum of $75 as commissions for the purchase of real estate for the plaintiff in error.

The petition alleges, in substance, that the plaintiffs are engaged in the business of buying and selling real estate upon commissions; that on or about the 10th day of May, 1889, the defendant requested the plaintiffs to purchase for him a certain farm owned by one Matt Williams, at the price of $2,000; that the defendant then and there agreed to pay the plaintiffs the sum of $75 if they purchased for him said farm at the said sum of $2,000 as payment for the services of the plaintiffs in making the purchase; that plaintiffs, in pursuance of said employment and agreement, purchased for said defendant said farm at the agreed price of $2,000, and were ready, willing, and able to deed or cause to be deeded to the defendant, said farm; that the defendant, after the plaintiffs had procured for him said land at the price, and upon the terms agreed upon, refused to take said land, and has ever since refused, and still refuses to take the same, and has ever since refused, and still refuses to pay the plaintiffs the said sum of $75 so agreed upon, as payment for their services, although often requested so to do, to the plaintiffs' damage in the sum of

$75, with interest thereon at seven per cent from June 1, 1889.

The answer is a general denial. The cause was tried to a jury, with a verdict for the plaintiffs in the sum of $19.

Upon the trial, the defendant objected to the introduction of any testimony for the reason that the petition fails to state facts sufficient to constitute a cause of action, which objection the court overruled. This ruling is the first error complained of. The petition, liberally construed, states a cause of action. It avers the employment of the plaintiffs by the defendant, to purchase for him the farm at a stipulated price; that the defendant agreed to pay for said services the sum of $75, in the event the plaintiffs made the purchase; that the plaintiffs procured the land at the price and upon the terms agreed upon, but that the defendant refused to take the same, or to pay the plaintiffs for their services. This was sufficient averment of performance of the contract on the plaintiffs' part and breach thereof by the defendant. It was not necessary to allege that they procured a deed to be made and tendered it to Ackerman, as the action was not brought to recover any portion of the purchase price of the land, but for commissions claimed to have been earned in negotiating the purchase. When the plaintiffs obtained the consent of Mr. Williams, the owner of the land, to convey it for the $2,000, and the defendant refused to pay the money and complete the deal, nothing further was required of the agents to entitle them to compensation for their services from Ackerman, in case there existed a contract of employment. What has been here said disposes of the criticisms made upon the instructions. The charge of the court, taken as a whole, fairly submitted the case to the jury.

A. M. McMasters, one of the plaintiffs, testified that Ackerman made the contract of employment with the witness, and to the terms of the agreement. He further testified that he made a memorandum of the contract in the

presence of the defendant, which paper was received in evidence over the defendant's objection. If there be any error in this ruling, it was not prejudicial to the party here complaining. There is nothing in the memorandum which in the least degree tends to show that the defendant employed the plaintiffs to purchase the farm or that he ever promised to pay them therefor. If anything the paper contradicts the plaintiffs.

It is finally urged that the verdict is not justified by the evidence. There was testimony given by the plaintiffs to the effect that they were employed by the defendant to purchase the farm for him at a stipulated sum, for which services he agreed to pay as commissions the sum of $75; no more and nothing less. The defendant testified that he did not employ them and never promised to pay them anything. In no view of the evidence were the jury justified in returning of a verdict for $19. The plaintiffs were entitled to recover $75 and interest thereon, or nothing. The jury, having found that the parties made the contract sued on, the defendant cannot complain because the verdict was not for a larger sum. (*Fischer v. Holmes*, 24 N. E. Rep. [Ind.], 377.) The authorities cited in the brief of plaintiff in error would be applicable if the defendants in error were seeking a reversal of the case on the ground that the verdict was too small. There being no prejudicial error in the record, the judgment is

AFFIRMED.


THE other judges concur.