[No. 3775.   Decided December 10, 1901.]

G. B. Livermore, *Respondent*, v. Charles E. Crane,
*Appellant*.

BROKERS — COMMISSIONS — RECOVERY OF DAMAGES FOR PURCHASER'S
BREACH OF CONTRACT.

A real estate broker who has procured a contract of sale to be
entered into between the owner of land and a prospective pur-
chaser may maintain an action for damages for the loss of his
commissions against the purchaser for failure to carry out such
contract, although the broker had agreed to look to the vendor
for his commissions.

Appeal from Superior Court, King County.—Hon.
William Hickman Moore, Judge. Affirmed.

*Stratton & Powell*, for appellant.

*H. B. Huntley*, for respondent.

The opinion of the court was delivered by

Reavis, C. J.—The complaint, in substance, alleges
that in May, 1898, defendant agreed in writing with
plaintiff, who is a real estate broker, that defendant would
purchase certain property in Seattle from Mrs. Brittain,
and pay for it on the following terms, if plaintiff would
procure such terms from the owner, to wit: the full pur-
chase price to be $11,000; $200 to be paid at the time
of making the contract of purchase, $800 payable in sixty
days, $1,000 payable in ninety days, $3,000 payable in

34—26 WASH.

one year, $3,000 payable in two years, and $3,000 payable in three years from the date of the contract, with interest on deferred payments at eight per cent. per annum. At the time of making the agreement it was understood and agreed that plaintiff was to get his commission of $500 for making the sale from the owner, Mrs. Brittain; that plaintiff, relying upon the agreement with defendant, performed services and induced the owner to sell the property for the price upon the terms proposed, and plaintiff by his efforts brought about a meeting of the defendant and the owner of the property, and procured a written contract satisfactory to both parties to be executed by them, by which, among other things, Mrs. Brittain agreed to sell, and the defendant to buy, the property upon the terms and for the price hereinbefore stated, and the sum of $200 was paid as the first payment at the execution of the contract. At the time plaintiff induced Mrs. Brittain to sell the property upon the terms and conditions mentioned, she agreed to pay the plaintiff $500 as his commission on the transaction; $50 of said amount to be paid at the time of the execution of the contract, $200 at the time provided for the second payment, and the remainder, $200, after the third payment should be made by defendant as provided in the contract; that plaintiff has kept and performed all the terms and conditions of his contract with the defendant and the owner of the property, and Mrs. Brittain has kept and performed all of the conditions of the contract of sale by her to be performed, and has been ready at all times, and still is ready, to convey the property to the defendant but the defendant has failed, refused, and neglected to purchase or pay for the property as he agreed to do; that the plaintiff has been damaged by defendant's failure and breach of the contract to purchase in

the sum of $450, and that plaintiff has lost the remainder
of the commission which he should have received from the
owner of the property if the contract had been performed.
A demand has been made upon defendant for the pay-
ment of said $450. Defendant filed a general demurrer
to the complaint, which was overruled, and, a jury having
been waived, the trial was before the court.

The evidence adduced is sufficient to support the findings
of fact. The effect of the findings is to sustain the allega-
tions of the complaint. With this view of the record,
the only question arising is upon the demurrer to the com-
plaint,—did the complaint state a cause of action? It is
urged by counsel for appellant that plaintiff has mistaken
his remedy and sued the wrong person; that the only in-
terest plaintiff had in the contract of sale was his com-
mission, which was earned when the contract was executed.
But it will be observed that the contract with Mrs. Brit-
tain was, that she should pay plaintiff's commission in
accordance with the performance of the contract of sale
by the defendant. The essence of plaintiff's action here,
is the claim for damages sustained by him because of de-
fendant's breach of the contract to purchase the premises
from Mrs. Brittain. A pertinent discussion of some of
the phases of this case may be found in *Bishop v. Averill*,
17 Wash. 209 (49 Pac. 237). Of the authorities to which
we have been referred, only two seem to be directly in
point. One is that of *Cavender v. Waddingham*, 2 Mo.
App. 551. In that case the defendant employed plain-
tiffs to purchase for him real estate from Messrs. Scudder
for a stated price, and it was understood that plaintiffs'
commissions were to be a certain per cent. of the purchase
price, but it was stipulated by defendant that this should
be paid by the Messrs. Scudder. The purchase of the real

property was made in accordance with defendant's direction, and thereafter defendant refused to pay the purchase price and receive the deed. Plaintiffs lost their commission. The court observed:

"The first question to which our attention is directed is whether, upon the facts stated, the plaintiffs had any right of action against the defendant? It is argued that they had none, because it was expressly stipulated that their commissions were to be paid by the Messrs. Scudder, and not, in any event, by the defendant; that this is an attempt to hold a party responsible for violating his contract, not with the party suing, but with a third party—the defendant here having violated none except that made through the plaintiffs, Messrs. Scudder. But this argument ignores the prominent fact that there were two distinct contracts. One was made by defendant, through his agents, in the purchase of the property. The other was made with the agents, in securing their services to bring about the purchase. The latter is the subject of the present suit."

The second case mentioned is *Atkinson v. Pack,* 114 N. C. 597 (19 S. E. 628), where it was, in effect, determined that a real estate broker, negotiating a sale of land for a person who agreed with him in writing to convey it to the intending purchaser, from whom he was to receive his commission, may maintain an action for breach of contract upon refusal of such person to convey, upon showing that the purchaser was ready to take and pay therefor. It was said in this case:

"There were plainly two contracts made by plaintiffs,—the one with defendant, the effect of which was that plaintiffs would provide a purchaser of the land at the agreed price, commissions to be paid by the purchaser; the other with the purchaser, that he would pay the plaintiffs' commissions upon the conclusion of the sale. If through the negotiation of plaintiffs the parties had been brought

together, and had concluded the trade between them, the plaintiffs would have been entitled to their commissions from Harding, the purchaser, according to the terms of their contract. But this action is for damages; the gravamen of the charge is that defendant committed the wrong and injury upon plaintiffs by a refusal, without cause, to comply with his contract with plaintiffs to sell the land to plaintiffs' principal, with the distinct understanding that plaintiffs were to be compensated by the purchaser. The natural effect and consequence of this refusal by defendant was the loss by plaintiffs of their commissions."

It would seem to be immaterial whether in the original negotiation or the sale the plaintiff was the agent of the vendor or the purchaser. The complaint here is for the violation of the contract to purchase, from which violation damages directly result to plaintiff.

The judgment is affirmed.

DUNBAR, ANDERS and MOUNT, JJ., concur.