EELLS BROTHERS, Appellants, v. C. E. PARSONS, Appellee.

**Land contracts:** BREACH: BROKERAGE. One who agrees with a real estate broker to purchase land, which he may show him, if suited and in fact makes a written contract of purchase with the owner, is liable to the broker in damages for his breach of the contract of purchase in a sum equal to the commission which the owner agreed to pay on a fulfillment of his contract of sale.

*Appeal from Clay District Court.*— HON. A. D. BAILIE, Judge.

FRIDAY, DECEMBER 14, 1906.

ACTION at law to recover the amount of a commission lost by plaintiff through defendant's breach of contract to take and pay for real estate.    The trial court sustained a demurrer to the petition, and plaintiff appeals.— *Reversed.*

*J. A. Tracy,* for appellant.

*Buck & Kirkpatrick,* for appellee.

DEEMER, J.— The material facts recited in the petition are that plaintiff, a copartnership engaged in the real estate

business, entered into an oral agreement with defendant, whereby plaintiff was to accompany him (defendant) to Willmar, Minn., to look at land in that vicinity which was held for sale by the Southern Minnesota Valley Land Company; that defendant would purchase land from said company or others to whom plaintiff might introduce him if he (defendant) found any which suited him; that defendant was not to pay plaintiff any commission, but plaintiffs were to look to the owners thereof therefor. Pursuant to agreement, the parties went to the appointed place, plaintiff paying its own expenses, and plaintiff introduced defendant to various parties, including the land company, and defendant agreed to buy from the land company a certain one hundred and sixty acres of land which suited him (the defendant), and, pursuant to contract, paid the land company the sum of $100, and further agreed to pay the balance of the purchase price and to settle for the land on or about October 1, 1902. We now quote from the petition: "And at the time that defendant and said land company entered into said written contract of purchase and sale of said land, the said land company, by their officers and agents, in defendant's presence, and with his knowledge and consent, orally agreed to pay plaintiffs the sum of $1 per acre, or $160, none of which was to be paid to plaintiffs until the land was fully paid and settled for by defendant, by payment in cash, or part cash and mortgage on the premises for balance in deferred payments, as provided by their written contract." It is further alleged that plaintiff complied with all the terms of its contract with defendant on its part, and that the land company kept its engagements, but that defendant refused without cause to carry out his contract with the land company. It is also alleged that by reason of defendant's failure to keep his contract, plaintiff has been damaged in the amount of the commission it was to have received from the land company. The demurrer is upon the grounds that defendant did not agree to pay plaintiff any commission or

to pay it anything for its services and that there was no privity of contract between plaintiff and defendant. It is true that defendant did not agree to pay plaintiff anything, but, according to the petition, there was an agreement that plaintiff, in lieu of compensation for its services for defendant, was to receive a commission from another, which would have been earned had defendant complied with the terms of his agreement with plaintiff. Plaintiff is not relying upon its contract with the land company, save as showing the amount of its loss by reason of defendant's alleged breach of his agreement with plaintiff. No claim is made that the contract between plaintiff and defendant, whereby defendant was to take and pay for land if he found any which suited, was without consideration or within the statute of frauds; hence we must treat it as a valid and enforceable one, or, speaking with more accuracy, that defendant is liable for its breach.

The action is for breach of defendant's contract, and not for the commissions from the landowner. To the latter, plaintiff was not entitled, for the reason that through defendant's fault, as it alleged, it had not earned them. It is for damages for defendant's breach of contract to do as he agreed in purchasing and paying for the land which so well suited him that he entered into a contract for its purchase, which it is charged he, without cause, refused to perform. If plaintiff were attempting to recover a commission for the sale of the land he should be defeated, for defendant never promised him this. What he (defendant) did agree to do was to purchase the land which suited him, thus enabling plaintiff to earn its commission. The parties understood when they made the contract what plaintiff's damages would be in the event defendant failed to perform it. In other words, loss of plaintiff's commission was within the contemplation of the parties in the event of defendant's failure to perform. Appellee's counsel cites us many cases to the proposition that the mere fact that a benefit is to

accrue to one from a contract does not entitle him to sue, that a party cannot sue upon a contract to which he is not a party unless he has some equitable or legal interest in the property, or some legal or equitable claim against the person to whom the promise is made, and that a person must be in privity to the contract upon which he sues; but none of these have any relevancy to the question now before us. Plaintiff is suing for breach of a contract made between it and the defendant, and not upon the commission contract made with the land company. It has, as we have already said, not earned these commissions, and was prevented from doing so by defendant's failure, without excuse, to keep and perform his engagement with plaintiff. There are several cases from other jurisdictions which sustain plaintiff's right to recover. See *Livermore v. Crane,* 26 Wash. 529 (67 Pac. 221, 57 L. R. A. 401); *Bishop v. Averill,* 17 Wash. 209 (49 Pac. 237; *Id.,* 50 Pac. 1024); *Cavender v. Waddingham,* 2 Mo. App. 551; *Atkinson v. Pack,* 114 N. C. 597 (19 S. E. 628). We need not add anything more to what has already been said, except to say that appellee's counsel overlooked the fact that there are three contracts here: One of the defendant to buy the land, one of the land company to sell the land to the defendant, and one of the land company to pay plaintiff a commission for selling the land. It is the first one named upon which this action is brought; and the others are collateral to this contract upon which plaintiff relies. Defendant is charged with having failed to comply with two of them, rendering the third nonenforceable.

The trial court was in error in sustaining the demurrer, and the judgment must be, and it is, *reversed.*