## GIBSON LAND AUCTION COMPANY v. W. T. BRITTAIN.

(Filed 21 December, 1921.)

**Contracts—Breach—Principal and Agent—Brokers—Commissions—Compensation—Actions—Evidence—Nonsuit—Trials.**

> There is no relation of privity or otherwise between the agent or broker who sells lands under contract for compensation by commission with the owner, and the purchaser he has accordingly procured; and when such purchaser has not in any manner obligated to pay anything to the agent or broker, the latter has no cause of action against him to recover the commissions for which the owner has obligated himself, and this is especially so when the owner of the lands has released the purchaser from the obligations of his contract.

APPEAL by plaintiffs from *Shaw, J.,* at July Term, 1921, of Mc-DOWELL.

Civil action to recover damages for loss of commissions arising out of defendant's alleged breach of contract to purchase nine lots, same having been sold to him as the last and highest bidder at a public sale.

From the judgment of nonsuit entered at the close of the evidence, plaintiffs appealed.

*Pless, Winborne & Pless for plaintiffs.*
*Avery & Ervin for defendant.*

STACY, J. The following statement of the case will suffice for our present decision:

Plaintiffs, auctioneers, by agreement with the owner of the property, were to receive as their compensation for conducting the sale a given per cent of the selling price of the lands. The defendant was present and became the last and highest bidder of the lots in question, and signed memoranda containing the following stipulation: "This is to certify that I have this day bought of R. Williams, through Gibson Land Auction Company, the following real estate, as shown on the map of the R. Williams property, and on the terms and conditions announced at sale of said property."

The defendant refused to accept the deeds, which were tendered for the lots bid off by him, and declined to pay the purchase price, as per his agreement, because of some misunderstanding on his part; and, in consequence of which the owner of the land afterwards released the defendant from his bid and sold the lots to another or other parties.

The written contract between plaintiffs and the owner of the land contained a stipulation to the effect that plaintiffs should receive "a commission of 10 per cent for any sale or sales of any part or all of the property that may be sold by the parties of the second part, and confirmed by the parties of the first part."

The plaintiffs never had any contract with the defendant for their commissions, and the sale to him was not carried out. It is alleged, however, that by reason of the defendant's failure to take the property, according to his bid at the auction sale, the plaintiffs have suffered a loss to the extent of the value of their commissions, and that the defendant should be held liable in damages therefor.

Upon the foregoing facts being made to appear in evidence, his Honor granted the defendant's motion for judgment as of nonsuit, and the appeal presents for review the correctness of this ruling.

It will be observed that the plaintiffs had no contract with the defendant, but their commissions were to be paid by the owner of the land. The case, therefore, in principle, is not unlike *Faison v. Marshburn, ante,* 133, where a recovery was denied to the broker who had sued the prospective purchaser when he alone had a contract for his commissions with the owner. Here, as was the case there, an attempt is being made to hold the defendant responsible for violating his contract, not with the plaintiffs, but with a third party who is a stranger to the suit. It is conceded that the plaintiffs have no interest in the land, and that they cannot sue upon the contract of purchase. They are unable to perform the contract as vendors, or to enforce its performance; hence, they are not in position to maintain an action for its breach. The only contractual obligations which may be insisted on by reason of defendant's bid, so far as he is concerned, are those existing between the defendant and the owner of the land. The plaintiffs are neither parties nor privies to the contract of sale, and the defendant is neither party nor privy to plaintiffs' contract for commissions. So, whatever rights, if any, the plaintiffs may have, as against the defendant, apparently are not contractual in their nature. On the other hand, there is no contention that the defendant has breached any extra-contractual legal duty for which the plaintiffs may maintain an action in tort. In all events, if the plaintiffs be entitled to recover, they must recover in an action growing out of contract; and none has been shown with the defendant.

In all the cases called to our attention by the plaintiffs, seemingly in support of their position, there was a contract direct with the defendant, or a request by him for the broker's services; and, in each case, recovery was allowed on this contract, or upon an implied contract, for services rendered to the *defendant,* and not upon the contract of purchase, though the loss of commissions may have been fixed as the proper measure of damages. 4 R. C. L., 333.

In *Atkinson v. Pack,* 114 N. C., 597, a case chiefly relied on by plaintiffs, the above distinction is clearly drawn, the Court saying: "There were plainly two contracts made by plaintiffs: the one with defendant, the effect of which was that plaintiffs would provide a purchaser of the

land at the agreed price, commissions to be paid by the purchaser; the other with the purchaser, that he would pay the plaintiffs' commissions upon the conclusion of the sale. If through the negotiation of plaintiffs the parties had been brought together, and had concluded the trade between them, the plaintiffs would have been entitled to their commissions from Harding, the purchaser, according to the terms of their contract. But this action is for damages; the gravamen of the charge is that defendant committed the wrong and injury upon plaintiffs by a refusal, without cause, to comply with his contract with plaintiffs to sell the land to plaintiffs' principal, with the distinct understanding that plaintiffs were to be compensated by the purchaser. The natural effect and consequence of this refusal by defendant was the loss by plaintiffs of their commissions."

To like effect is the decision of the Saint Louis Court of Appeals in the case of *Cavender v. Waddingham,* 2 Mo. App., 551. There it was understood that the plaintiffs were to receive, as commissions, a certain percentage of the purchase price of the land, but it was stipulated that this should be paid by the vendors, and the plaintiffs would divide the same, when realized, with the defendant, allowing him one-fifth part thereof. Plaintiffs consummated the agreement for the purchase in exact accordance with defendant's directions. The defendant then refused to accept the deed. Upon these facts the Court observed:

"The first question to which our attention is directed is whether, upon the facts stated, the plaintiffs had any right of action against the defendant. It is argued that they had none, because it was expressly stipulated that their commissions were to be paid by the Messrs. Scudder, and not, in any event, by the defendant; that this is an attempt to hold a party responsible for violating his contract, not with the party suing, but with a third party—the defendant here having violated none except that made through the plaintiffs, Messrs. Scudder. But this argument ignores the prominent fact that there were two distinct contracts. One was made by defendant, through his agents, in the purchase of the property. The other was made with the agents, in securing their services to bring about the purchase. The latter is the subject of the present suit.

"When the plaintiffs were employed by the defendant to effect a purchase for his benefit, they undertook to do so for a consideration, which was clearly understood. This was, that, in the event of success, they were to be compensated according to the usages of their business, by a percentage upon the amount of purchase money. The defendant said to them, in effect: 'You procure the consent of the property owners to sell to me upon the terms indicated. I undertake, on my part, to consummate the trade by paying the purchase money, so that you will

realize your commissions.' The defendant's undertaking to take and pay for the property, so that plaintiffs would get their compensation, was as emphatic and as binding as if he had agreed to pay the commissions himself."

Without prolonging this discussion, it may be stated that we have examined the following cases, cited by plaintiffs, and find them to be in support of, rather than in conflict with, what is said above. *Livermore v. Crane,* 26 Wash., 529, and cases cited in briefs as reported in 57 L. R. A., 401; *Eells Bros. v. Parsons,* 132 Iowa, 543, and cases cited in note as reported in 11 Anno. Cases, 475; *Ackerman v. Bryan,* 33 Neb., 515; 4 R. C. L., 334, and cases there collected. See, also, *Tinsley v. Dowell,* 87 Texas, 23, and *Thompson v. Kelly,* 101 Mass., 291.

But for a further reason the plaintiffs are not entitled to maintain this suit. The owner of the land, plaintiffs' principal, has voluntarily released the defendant from his contract of purchase; hence, whatever obligations may have been incurred by the defendant's bid are now at an end. They have been surrendered and discharged with the consent of the owner, who alone was entitled to insist upon performance. There is no contract now existent of any kind relating to this matter to which the defendant is a party. Therefore, upon the record we think the judgment of nonsuit must be upheld.

Affirmed.