### MESSER–JOHNSON REALTY CO. v. NEWMAN. (6 Div. 976.)

(Supreme Court of Alabama. Nov. 15, 1923.)

Brokers ⚖74—Real estate agent, employed to sell land for owner, cannot recover commission from purchaser on his refusal to consummate deal.

A real estate agent, employed to sell land by the owner thereof for a commission, to be paid out of the purchase money, could not recover the commission from the purchaser, who, after agreeing to buy the land, refused to consummate the trade; there being no privity of contract between agent and purchaser.

Appeal from Circuit Court, Jefferson County; O. B. Smith, Judge.

Action by the Messer-Johnson Realty Company against Henry H. Newman. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

J. S. McLendon, of Birmingham, for appellant.

A real estate broker may sue a purchaser, who has refused to carry out his contract with the vendor, whereby the broker has lost his right to a commission, though he had agreed to look to the vendor for it. Livermore v. Crane, 26 Wash. 529, 67 Pac. 221, 57 L. R. A. 401; Morgan v. Whatley, 205 Ala. 170, 87 South. 846; Eells Bros. v. Parsons, 132 Iowa, 543, 109 N. W. 1098, 11 Ann. Cas. 475; Atkinson v. Pack, 114 N. C. 597, 19 S. E. 628; James v. Home, etc. (Sup.) 153 N. Y. Supp. 169; McKnight v. McGuire, 117 Misc. Rep. 306, 191 N. Y. Supp. 323; Harris v. Van Vranken, 32 N. D. 238, 155 N. W. 65.

Chas. H. Brown, of Birmingham, for appellee.

The plaintiff cannot hold defendant responsible for violating his contract, made with a third party, a stranger to the suit. Gibson Land Auction Co. v. Brittain, 182 N. C. 676, 110 S. E. 82, 20 A. L. R. 211; Faison v. Marshburn, 182 N. C. 133, 108 S. E. 510; Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946.

GARDNER, J. On account of the adverse ruling of the trial court in sustaining demurrers to counts A and B, plaintiff in this action took a nonsuit, with bill of exceptions, and appeals.

The sufficiency of these counts is the only matter here presented for consideration.

The allegations therein contained are consistent with the theory that plaintiff as a real estate agency was engaged by one Hasty, the owner of certain real estate in the city of Birmingham, to sell said property and be compensated by way of a commission out of the purchase money; that the defendant as a prospective purchaser agreed to view the property with the plaintiff, stating that he would purchase at the quoted price if found suitable; that defendant did view the property, agreed to buy the same, and entered into a contract of purchase with the owner therefor, but subsequently declined to consummate the trade; and that the defendant was aware of the fact that plaintiff was to receive compensation by way of commissions out of the purchase money. The counts fail to show any contract of binding force entered into by the plaintiff and defendant, or that the defendant requested the services of the plaintiff; nor are the allegations sufficient to base a recovery upon an implied contract for services rendered to the defendant.

The cases relied upon by counsel for appellant disclose a contract with the purchaser direct, or such a state of facts to justify a recovery upon an implied contract for services rendered. Much stress is laid by counsel upon the case of Morgan v. Whatley, 205 Ala. 170, 87 South. 846; but this authority shows an express contract, and is therefore not in point. In the case of Eells v. Parsons, 132 Iowa, 543, 109 N. W. 1098, 11 Ann. Cas. 475, the opinion discloses that the case was treated as one presenting a valid and enforceable contract between the plaintiff and defendant. The other authorities relied upon are to be differentiated from the instant case in like manner. Harris v. Van Vranken, 32 N. D. 238, 155 N. W. 65; McKnight v. McGuire, 117 Misc. Rep. 306, 191 N. Y. Supp. 323; Livermore v. Crane, 26 Wash. 529, 67 Pac. 221, 57 L. R. A. 401; Atkinson v. Pack, 114 N. C. 597, 19 S. E. 628.

The case of Gibson Land Auction Co. v. Brittain, from the Supreme Court of North Carolina, 182 N. C. 676, 110 S. E. 82, 20 A. L. R. 211, bears close analogy to the case here under consideration, and the opinion distinguishes this character of cases from the line of authorities relied upon by counsel for appellant. That case is well reasoned, and the following excerpt from the opinion is so directly applicable to the instant case that we here adopt it as our own:

"It will be observed that the plaintiffs had no contract with the defendant, but their commissions were to be paid by the owner of the land. The case, therefore, in principle, is not unlike Faison v. Marshburn, 108 S. E. 510, at the present term, where a recovery was denied to the broker, who had sued the prospective purchaser when he alone had a contract for his commissions with the owner. Here, as was the case there, an attempt is

being made to hold the defendant responsible for violating his contract, not with the plaintiffs, but with a third party, who is a stranger to the suit. It is conceded that the plaintiffs have no interest in the land, and that they cannot sue upon the contract of purchase. They are unable to perform the contract as vendors, or to enforce its performance; hence they are not in position to maintain an action for its breach. The only contractual obligations which may be insisted on by reason of defendant's bid, so far as he is concerned, are those existing between the defendant and the owner of the land. The plaintiffs are neither parties nor privies to the contract of sale, and the defendant is neither party nor privy to plaintiffs' contract for commissions. So whatever rights, if any, the plaintiffs may have, as against the defendant, apparently are not contractual in their nature. On the other hand, there is no contention that the defendant has breached any extra-contractual legal duty for which the plaintiffs may maintain an action in tort. In all events, if the plaintiffs be entitled to recover, they must recover in an action growing out of contract; and none has been shown with the defendant. In all the cases called to our attention by the plaintiffs, seemingly in support of their position, there was a contract direct with the defendant, or a request by him for the broker's services, and in each case recovery was allowed on this contract, or upon an implied contract, for services rendered to the defendant, and not upon the contract of purchase, though the loss of commissions may have been fixed as the proper measure of damages. 4 R. C. L. 333."

We are of the opinion that this quotation suffices as an answer to the insistence of counsel for appellant as to the sufficiency of counts A and B, and we therefore conclude, without further discussion of the question, that the court below correctly ruled in sustaining the demurrer to these counts, which judgment will be here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.