**BRAWNER v. CUMBIE et al.   (No. 6766.)**

(Court of Civil Appeals of Texas.   Austin.
June 4, 1924.   Rehearing Denied
July 2, 1924.)

**1. Pleading ☞228—Exception held general, requiring every reasonable intendment in favor of petition's sufficiency.**

Exception that petition showed no liability of defendants, though designated as special exception, *held* general, requiring every reasonable intendment to be drawn in favor of pleading.

**2. Brokers ☞48—Methods of earning commission stated.**

Broker may earn commission by procuring valid enforceable contract from purchaser, on vendor's terms, by producing purchaser to whom sale or exchange is made on terms satisfactory to vendor, or by producing purchaser ready, able, and willing, who offers to buy or exchange on terms specified in contract.

**3. Brokers ☞82(1)—Need not specifically allege production of purchaser ready, able, and willing.**

Broker, suing for commission, need not specifically allege production of purchaser ready, able, and willing to buy; any language clearly showing that he did so being sufficient, especially in absence of special exception.

**4. Appeal and error ☞917(1)—Facts in petition considered true, where case disposed of on exceptions to pleadings.**

Allegations of fact in petition, in case disposed of on exceptions to pleadings, no pleas in abatement being filed, must be considered true on appeal.

**5. Brokers ☞82(1)—Petition in action for commission held sufficient.**

Broker's petition, in action for commission, *held* sufficient as alleging facts showing purchaser's readiness, ability, and willingness to buy or exchange on vendor's terms.

**6. Pleading ☞228—Defendants desiring more specific pleading should make specific exceptions.**

Defendants desiring more specific allegations than petition should file specific exceptions.

**7. Brokers ☞74—May recover from party breaching contract commission owed by other party, where representing both with their knowledge.**

Broker, representing both vendor and purchaser, with knowledge of both, may recover from party breaching contract not only the commission he agreed to pay but also that which other party was to pay as damages, not for tort but for breach of contract.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by T. E. Brawner against R. R. Cumbie and others. From judgment of dismissal, plaintiff appeals. Reversed and remanded.

Wilkinson & McGaugh, of Brownwood, for appellant.

Beall, Beall & Beall, of Sweetwater, and Frank H. Sweet, of Brownwood, for appellees.

BLAIR, J. Appellant instituted this suit against R. R., John, and Emmett Cumbie to recover a broker's commission and for damages. His petition, omitting formal parts, reads:

"That on or about November 15, 1922, plaintiff was engaged in the real estate business; that is to say, in the business of selling, exchanging, and leasing the real estate of the owners thereof for the usual and customary commissions paid for such service.

"That on and about said date the defendants herein were the owners of about 446 acres of land situated in Fisher county, Tex., being the land upon which said defendants John Cumbie and Emmett Cumbie then resided, and being all the land in said county then owned by defendants. That one T. C. Williams was the owner of about 885 acres of land situated about six miles west of the town of Mullin, in Mills county, being the land then operated by him as a farm and ranch under the name of the 'Sleepy Hollow Stock Farm.'

"That on and about said date said land of T. C. Williams had been listed with this plaintiff for sale, or exchange for other land, and also for exchange in part and sale in part. That, while so having said land listed with him for sale or exchange, or for both sale and exchange, this plaintiff entered into negotiations with defendants for the exchange of their land for said land of T. C. Williams, so far as the value of their land would pay for, or offset, the value of the land of said T. C. Williams, and for sale to them of the land of said T. C. Williams to the extent that it was not paid for by the exchange therefor of defendant's said land. That immediately upon entering upon said negotiations with defendants they became interested in owning said land of T. C. Williams, and one of them, representing all of said defendants, visited and inspected the land of T. C. Williams, and upon his report to the others all of said defendants became so favorably impressed therewith and so anxious to acquire same by making an exchange of their land therefor to the extent that their land would pay therefor that they also employed this plaintiff to negotiate for them for such exchange, and aid them in making same, and thereupon agreed with and promised plaintiff to pay him 2½ per cent. of the estimated and agreed value of their land, as hereinafter given, for his efforts and services in aiding them to bring about and accomplish such exchange. That this plaintiff, relying upon defendants' asserted and apparent good faith in the matter and their agreement and promise to pay him the aforesaid commission of 2½ per cent., at defendants' solicitation and request, and at an expense to him of time and money, accompanied all of them to Mills county for a further inspection by them of the land of said T. C. Williams, and also, at their solicitation and request, and at a considerable expense to him of time and money, accompanied

said T. C. Williams to Fisher county for an inspection by him, T. C. Williams, of defendants' land. That by this plaintiff's said efforts and services, and through and by virtue of said agency for both said defendants and T. C. Williams, they, the said defendants and T. C. Williams, were brought together, and they thereupon entered into a contract of substantially the following purport, and to the following effect, to wit: Defendants were to convey to T. C. Williams their land and assume the payment of an indebtedness against the lands of said T. C. Williams in the amount of $12,500, and T. C. Williams was to convey his lands to defendants and assume the payment of an indebtedness of about $4,300 against their land; also that T. C. Williams would pay one-half of the commission or compensation due plaintiff for his efforts and services in negotiating for and promoting said exchange of lands to the extent of the actual exchange, and defendants would pay the other one-half.

"That in the negotiations and contract for the exchange and sale of said lands, defendants' lands were estimated to be of the value of $35 per acre, and were in fact of that value, or of the aggregate value of $15,610; and the land of T. C. Williams was estimated to be of the value of $27.50 per acre, and were in fact of the value or of the aggregate value, of $24,337.50.

"That by the terms of this plaintiff's contract with said T. C. Williams the latter was to pay him, plaintiff, as commission for his services, 2½ per cent. of the value of any land contracted to be taken in exchange for his, T. C. Williams', land, and 5 per cent. of any money received or contracted to be paid, which terms were well known to defendants at the time they made their contract with said T. C. Williams; also that it was distinctly agreed and understood by and between said defendants and T. C. Williams, at the time they made and entered into said contract of exchange and sale, that this plaintiff's commission or compensation for his efforts and services in negotiating for, and promoting said exchange, would be 2½ per cent. of the estimated and agreed value of the land of both of them together to the extent of such exchange—that is to say to the extent that the value of defendants' land was equal to, and would offset, the value of plaintiff's land, and that they would each pay one-half of said commission or compensation to the extent of such actual exchange. That by the word, 'each,' in this connection, plaintiffs means defendants on the one hand and T. C. Williams on the other.

"That though defendants made and entered into the contracts above mentioned with this plaintiff and T. C. Williams, and expressly agreed with them, and each of them, to pay one-half of plaintiff's said commission or compensation to the extent of said exchange, they thereafter, though often requested, refused and still refuse to perform same or any part thereof, to plaintiff's damage hereinafter stated.

"That by reason and in consequence of the above facts defendants are indebted to plaintiff in the sum of $390.25 as commission or compensation directly due from them on the exchange value of their said land, which commission they expressly agreed to pay him, as aforesaid; and are also further indebted to him in damages in the sum of $829.17 as commissions contracted to be paid him by said T. C. Williams, of which contract defendants had full notice, as aforesaid, and which commissions said T. C. Williams would have been due him, and would have paid him but for the breach of said contract of exchange and sale by defendants, as aforesaid."

To this petition the trial court sustained the following exception:

"That the allegations of said petition attempting to hold defendants for commission on the Williams' properties show no liability of defendants therefor."

Appellant refused to amend, and the suit was dismissed, because the amount in controversy, after sustaining the above exception, was below the jurisdiction of the district court. This appeal is from these rulings of the trial court.

[1] Although the exception sustained is designated as a special exception, it is nothing more than a general demurrer or exception to that portion of the pleadings to which it relates, and therefore every reasonable intendment will be in favor of the sufficiency of the pleading.

[2] The law seems well settled in Texas and other jurisdictions, where no Code controls, that there are three instances in which, or three methods by which, a broker may earn a commission under an agency contract for the sale or exchange of real estate: (1) By procuring from a purchaser a valid enforceable contract for sale or exchange of the property listed, on the terms proposed by the vendor; (2) by producing a purchaser to whom a sale or exchange is in fact made on terms satisfactory to the vendor; (3) by producing a purchaser, ready, able, and willing to buy or exchange on terms specified in the contract of employment, and who offers so to do. 9 C. J. 590, notes 14 and 18, and cases cited. McDermott v. Mahoney, 139 Iowa, 292, 115 N. W. 32, 116 N. W. 788; Ramsey v. West Texas Bank (Tex. Civ. App.) 155 S. W. 551; Griffith v. Bradford (Tex. Civ. App.) 138 S. W. 1072; Loomis v. Broaddus (Tex. Civ. App.) 134 S. W. 743.

[3] It is admitted here that the broker obtained no written contract for the exchange of the properties, and it is alleged and admitted that the oral contract of trade or exchange agreed upon was never consummated; so the first two instances in which a broker is generally held to have earned his commission were therefore not fulfilled by the broker in the instant case. It is under the third method or instance, that is, by procuring a purchaser ready, able, and willing to buy or exchange on the terms specified to the broker in his contract of employment, and who offers so to do, that appellant, if entitled to recover, must rely here. Not only do we think the petition alleged in effect that appellant produced a purchaser ready, able, and

willing to buy or exchange, and that he offered to do so, but it goes further and alleges that the purchaser actually entered into a contract to buy or exchange; and that the contract would have been performed had appellees not refused to perform it. We do not understand that a broker seeking to recover a commission for producing a purchaser ready, able, and willing, etc., must allege in specific words and language that he did so produce a purchaser ready, able, and willing, etc.; but that any language clearly pleading a state of facts which shows that he did so produce a purchaser ready, able, and willing to buy or exchange is sufficient. Shelton v. Cain (Tex. Civ. App.) 136 S. W. 1157. Especially do we think this the rule where no special exception is presented to the petition for its failure to so specifically plead. Brockenbrow v. Stafford (Tex. Civ. App.) 76 S. W. 576.

[4-6] The petition alleges that both parties listed their properties with appellant, each agreeing to pay him a specific sum or commission for his services in effecting an exchange of their properties so listed; that both knew of and agreed to the arrangement with reference to the commission; that through his efforts under these contracts of employment the exchange contract was entered into by his principals, setting forth the specific terms thereof; that appellees breached the contract and refused to perform it; and that, in consequence of such breach and refusal to perform the contract of exchange as made appellees became indebted and bound to pay him the sum they agreed to pay, and also liable to him for the amount that he would have obtained from the purchaser, under the contract known and assented to by both parties for such double representation. Since the case was disposed of upon exceptions to the pleadings, no pleas in abatement having been filed, these allegations of fact must be considered as true for the purpose of this decision. Though the petition does not use the words ready, able, and willing the allegations of fact are tantamount to and have the same meaning and effect as if they were so used. If appellees desired more specific pleading, they should have made it known by specific exceptions. In its final analysis the question of the readiness, ability, and willingness of the purchaser really becomes a question of fact, where the petition alleges such facts as to show the pleader is entitled to a recovery for producing a purchaser ready, able, and willing to buy or exchange, if sustained by proof.

[7] In this connection appellees contend that appellant's petition alleged no cause of action entitling him to a double commission; and also contend that the cause of action asserted against them to recover for the amount Williams would have been due to pay appellant was one sounding in tort, and

could not be properly joined in the suit asserted against them on contract. Neither of these contentions is sustained. The same construction of the pleading as to a recovery of the commission contracted to be paid by appellees direct would apply as to appellant's right to a recovery from them of the commission coming to him from Williams under the known and agreed dual representation. The first is recoverable on the contract as the amount agreed upon to have been paid, in the event of an exchange of the properties, while the latter is recoverable as damages, not in tort, but as the sum which appellees knew appellant would lose as a consequence of their breach of the contract. In addition to the facts above stated, as alleged in the petition, it further alleged that, not only did each of the parties know and assent to the dual representation, but contracted with appellant and with each other as to the portion of the whole commission that each of them should pay; and further alleged that "said T. C. Williams would have been due him, and would have paid him but for the breach of said contract of exchange and sale by defendants." It is the well settled law in Texas that where both parties know and assent to contracts by the broker for commissions from both of them, and he is the efficient cause of the contract of trade or exchange, upon a refusal by one of the parties to perform the broker may recover from the party so refusing to perform not only the commission which he contracted to pay, but also that which he would have otherwise have received from the opposite party. Hunter v. Lyons (Tex. Civ. App.) 144 S. W. 352; Equitable Mortgage Co. v. Thorn (Tex. Civ. App.) 26 S. W. 276; Burk v. Estes (Tex. Civ. App.) 236 S. W. 514; Henderson v. Gilbert (Tex. Civ. App.) 171 S. W. 304; Byrne v. Jacobs (Tex. Civ. App.) 162 S. W. 8; Arthur v. Porter (Tex. Civ. App.) 118 S. W. 611; Hill v. Patton (Tex. Civ. App.) 160 S. W. 1155.

Although the court in the Hunter-Lyons Case, supra, in obiter dicta expressed an inclination to the view that an action to recover from the defaulting party the commission known to be due from the opposite party, where the broker acted as agent of both by consent, was one sounding in tort, and could not be joined in an action against the defaulting party for the commission due by him under the dual agency contract of the broker, yet we do not find this ever to be declared the law in any case. A different rule or theory of recovery of such claim has been announced in the above cases and many others hereinafter cited. The right of recovery of such claim does not rest on the promise of the employer to so compensate the agent, but upon the theory that he impliedly agrees that he will perform the main contract which the broker engages to negotiate,

and will thus afford him an opportunity of securing payment from the other side; and a breach or refusal by the employer to perform the main contract renders it impossible for the broker to become entitled to payment from the other party, in consequence of which he is damaged to that extent. It is therefore a suit for damages for a breach of contract by the employer, which he necessarily knows will result in injury to the broker to the extent of the loss of the commission due him from the opposite party. The theory upon which the right is based is announced in 4 R. C. L. 333, as follows:

"When the employer violates his agreement in this respect, and the broker sues for his commissions or their equivalent, he is permitted to recover, not upon the theory that the contract holds the employer to their payment, but because the employer by violating the contract of employment has destroyed its obligatory force and deprived the broker of the fruits of performance on his part, for which reason the latter is entitled to such a recovery in damages as will restore what he has unlawfully been deprived of through the nonperformance of his principal."

This proposition is also supported in general by the following authorities: Cavender v. Waddingham, 2 Mo. App. 551; Bird v. Blackwell, 135 Mo. App. 23, 115 S. W. 487; Atkinson v. Pack, 114 N. C. 597, 19 S. E. 628; James v. Home of Sons, etc., of Israel (Sup.) 153 N. Y. Supp. 169; Eells Bros. v. Parsons, 132 Iowa, 546, 109 N. W. 1098, 11 Ann. Cas. 475; Livermore v. Crane, 26 Wash. 529, 67 Pac. 221, 57 L. R. A. 401; Littlefield v. Bowen, 90 Wash. 286, 115 Pac. 1053, Ann. Cas. 1918B, 177; Gibson Land Auction Co. v. Brittain, 182 N. C. 676, 110 S. E. 82; 20 A. L. R. 211.

For the reasons stated, the trial court's judgment is reversed, and the cause remanded for a trial upon its merit.

Reversed and remanded.