## BROCKWAY–MECKLENBURG CO., Appellant, *v.* HILDER-MAN et al., Respondents.

(No. 6,759.)

(Submitted September 10, 1931. Decided September 19, 1931.)

[2 Pac. (2d) 1018.]

*Mr. M. L. Parcells,* for Appellant, submitted a brief and argued the cause orally.

318

*Mr. Wm. V. Beers,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover damages to the extent of $1,050, with interest from December 27, 1929, by reason of the defendants' breach of contract to purchase certain described agricultural lands located in Yellowstone county, belonging to A. Molendyk, Jennie Lena Molendyk, his wife, Peter Molendyk, and James L. Davis, by reason whereof the plaintiff was unable to collect from the owners of the

land an agreed brokerage commission of five per cent. of the purchase price which the defendants had agreed to pay for the property. In the complaint it is alleged that the plaintiff is a duly licensed real estate broker, and as such was the duly authorized agent of the owners for the sale of the property described, and that on the twenty-seventh day of December, 1929, the defendants entered into a contract in writing with the owners to make purchase of the property for the sum of $21,000 on terms stated; that the owners were at all times ready and willing to perform the contract and tendered performance, but that the defendants have without just cause or excuse failed, neglected, and refused to carry out their part of the agreement. The contract by reference made a part of the complaint provides that the plaintiffs shall be paid by the owners of the property the sum of five per cent. commission for its services in making the sale, to be retained out of the first proceeds of the sale or forfeit money. A general demurrer to the complaint was sustained by the court. The plaintiff electing not to further plead, judgment was entered dismissing the plaintiff's complaint and in favor of defendants for their costs incurred in the action, from which the plaintiff has appealed.

The only question presented for decision in disposition of this appeal is whether the court erred in sustaining the demurrer to the plaintiff's complaint.

1. *Pro* and *con*, counsel have confined their arguments and briefs solely to the question as to whether the contract is sufficiently definite and certain; that is to say, whether it is in itself a contract capable of specific performance or whether it is merely an agreement to subsequently enter into a contract. This question appears to have been paramount in the mind of the trial judge in making his decision as to the contract now before us, as to the sufficiency of the complaint, as the only authority cited and relied upon in the decision of the court is *Peer* v. *Hughes*, 25 Ariz. 105, 213 Pac. 691. There are decisions of this court to the same effect. (*Long* v. *Needham*, 37 Mont. 408, 96 Pac. 731; *Esselstyn* v. *Meyer & Chap-*

*man State Bank*, 63 Mont. 463, 208 Pac. 910, 911.) On this point we do not deem it necessary to express opinion. It might arise between the parties to the contract, but is not involved in this action.

2. As we view the case, the outstanding debatable question arising as to the sufficiency of the complaint is whether the plaintiff may recover damages from the intending purchasers of the property, since there is no privity of contract between it and the purchasers, and the sellers having expressly agreed in the contract to pay the brokers a stated commission. There is but little direct authority on the right of a broker to recover from a prospective purchaser who refuses to complete his purchase. In nearly all the reported cases where the sale was not completed, the action has been against the owner on the broker's contract of employment, and not against the prospective purchaser. (Annotation, 20 A. L. R., p. 214.) It is a matter of first impression in this state. The editor to the note on the subject in 20 A. L. R., page 214 et seq., states the rule to be that since there is no privity of contract between the parties no right of recovery exists against the purchaser by the broker. In an exhaustive research we have found the authorities somewhat confusing on the question, but we believe the decisions holding favorably to the broker's right of recovery against the intending purchaser are distinguishable upon the facts in each presented. In our opinion, supported by logic and well-reasoned authorities, a mere selling agent or broker has no such interest in a contract secured by him for the purchase of land belonging to the broker's client as will authorize a recovery of damages by the broker from a prospective purchaser for lost commissions upon breach of the contract by the purchaser. (*LeMaster* v. *Dalhart Real Estate Agency*, 56 Tex. Civ. App. 302, 121 S. W. 185; *Tinsely* v. *Dowell*, 87 Tex. 23, 26 S. W. 946; *Evrit and Weightman* v. *Bancroft*, 22 Ohio St. 172; *Gibson Land Auction Company* v. *Brittain*, 182 N. C. 676, 20 A. L. R. 211, 110 S. E. 82; *Messer-Johnson Realty Co.* v. *Newman*, 210 Ala. 340, 98 South. 20; *Goff* v. *Adelson*, 229 App. Div. 802, 242 N. Y. Supp. 278.)

Decisions in the cases of *Livermore* v. *Crane*, 26 Wash. 529, 57 L. R. A. 401, 67 Pac. 221, *Atkinson* v. *Pack*, 114 N. C. 597, 19 S. E. 628, *Eells Brothers* v. *Parsons*, 132 Iowa, 543, 11 Ann. Cas. 475, 109 N. W. 1098, and *Cavender* v. *Waddingham*, 2 Mo. App. 551, are not at variance with the views herein expressed for in each of those cases it appears that the intending purchaser was the employer of the broker in consequence of which there was at least an implied contract between them that the purchaser would fulfill his agreement with the land owner so as to enable the broker to earn his commission. In each case there was a contract between the intending purchaser or a request by him for the broker's services; and in each case a recovery was allowed on this contract, or upon an implied contract for services rendered to the defendant, and not upon the contract of purchase, though the loss of commissions may have been fixed as the proper measure of damages. (*Gibson Land Auction Co.* v. *Brittain,* supra.)

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Ford, Angstman and Matthews concur.