## M. Morgenthau-Seixas Co., Inc., Plaintiff, *v.* Gustave Greene, Defendant.

Supreme Court, New York County, April 20, 1932.

*Nathan Siegel, Jr.,* for the plaintiff.

*Jacob Levy* [*Murray Sanders* of counsel], for the defendant.

Lydon, J. Defendant moves to dismiss the complaint for insufficiency. The complaint, in substance, is that plaintiff was employed by third persons to effect a sale of their real property. For its services plaintiff was to receive the regular brokerage from the owners. Plaintiff was later employed by defendant as a broker and was authorized to submit offers for the property on his behalf. This double employment was known to both parties to the ensuing transaction. Plaintiff did submit an offer, and an agreement upon the terms of a sale was arrived at between defendant and the owners. Defendant later refused to execute a written contract or to perform the oral agreement. By reason of this repudiation of his agreement by defendant, plaintiff has lost the commissions to which he would have been entitled from the owners if defendant had performed. These commissions would have amounted to $5,500, as defendant knew. Hence, plaintiff asks judgment against defendant for that sum.

If we take the complaint at its face value and assume that plaintiff really was " employed " by defendant, and not merely authorized to submit offers on his behalf to the owners of the property, no

cause of action is stated. No breach of that contract of employment is alleged. So far as appears, that contract was performed. Plaintiff was permitted to make, and did make, the contemplated offers. It is not alleged that plaintiff was to receive any compensation for its performance of that agreement, or that its services to the defendant under that agreement were reasonably worth anything, or that defendant has failed to pay the reasonable value of such services. Plaintiff's sole complaint is that by failing to perform his agreement with the owners of the property, defendant has prevented plaintiff from earning the brokerage which he would have been entitled to receive from the owners if defendant had performed his agreement with them.

It seems to me that the statement of the case sufficiently answers the claim. The same complaint could be made by any broker who had carried negotiations to the point of an oral agreement between vendor and vendee, where the vendee had refused to go further. It is the simple case of a broker who has failed to earn his commissions because he has failed to procure a purchaser who would make a binding contract to purchase. The broker cannot, in such a case, shift liability for his brokerage to the third person, with whom he has negotiated and on whose behalf he has been authorized to make offers, but who cannot have had any idea of assuming such an obligation towards the broker.

It is true that the cases involving the double employment of a broker have been in some confusion. They have been referred to and the general question has been clarified by the decision of the Court of Appeals in *Fox Co.* v. *Wohl* (255 N. Y. 268).

The motion is granted, with ten dollars costs, and the complaint is dismissed.