**GIOVANNONI et al. v. WAPLE & JAMES, Inc.**

**No. 7163.**

United States Court of Appeals for the District of Columbia.

Decided May 8, 1939.

Maurice Friedman and C. Leo DeOrsey, both of Washington, D. C., for plaintiffs in error.

Louis Ottenberg and H. Max Ammerman, both of Washington, D. C., for defendant in error.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

The plaintiff, Waple & James, Inc., defendant in error here, is a real estate brokerage corporation doing business in the city of Washington. Defendants, plaintiffs in error here, became interested in a house listed for sale by plaintiff, and made an offer to purchase it through one of plaintiff's salesmen. Failing to obtain that house, defendants told the salesman to

find them another similar to it. He obtained the location of the house involved herein, which had been listed for sale with the plaintiff by the owner, and showed it to defendants and endeavored to sell it. As a result of the plaintiff's negotiations with the defendants, they submitted a written offer to buy this house, which was duly accepted and ratified by the owner, defendants paying a deposit of $25. In this contract, it was agreed that the commission to be paid plaintiff was to be paid by the owner. Later, defendants refused to purchase the house and notified plaintiff to this effect. Whereupon plaintiff brought suit in the Municipal Court, claiming as damages the commission which would have been payable had there been no default in the purchase contract by defendants.

At the conclusion of all the testimony, the lower court overruled defendants' motion for a directed verdict and found in favor of plaintiff. The question involved being new in this jurisdiction, we issued a writ of error.

In our opinion, the lower court erred in overruling defendants' motion. The one contract involving defendants was the contract of sale entered into between defendants and the owner of the real estate. The plaintiff is not a party or privy to this contract of sale, nor are defendants parties or privies to plaintiff's contract with the owner for commission. The plaintiff had no interest in the house and could not force the owner to sell, or compel defendants to buy. The owner had a contract with the plaintiff to sell his property. It was in furtherance of this agency that plaintiff brought defendants in touch with his principal, the owner, as a result of which the contract of sale was entered into between them. The contract contains no inference that there was a double, or any, employment of the plaintiff by defendants, or that defendants obligated themselves to pay commissions. On the contrary, the contract of sale signed by the defendants expressly provided that commissions were to be paid plaintiff by the owner of the house.[1]

It is well decided in other jurisdictions—we have found no authority to the contrary—that whenever it appears that the purchaser has not agreed to pay the broker's commission, or has not employed the broker, the purchaser is not liable for the commissions due the broker, nor liable in damages to the broker resulting from his breach of the contract of sale.[2] "A broker who is the procuring cause of a sale is entitled to no commission from the buyer unless the buyer has employed him and agreed, expressly or impliedly, to pay compensation for his services." Lee v. Woodard, supra, note 2. "A mere selling agent or broker has no such interest in a contract secured by him for the purchase of land belonging to the broker's client as will authorize a recovery of damages by the broker from a prospective purchaser for lost commissions upon breach of the contract by the purchaser." Brockway-Mecklenburg Co. v. Hilderman, supra, note 2.

We think this doctrine is supported by logic and reason and adopt it for this jurisdiction. We have, however, carefully considered the authorities relied upon to support a different result, but find them readily distinguishable. In each of these cases,[3] it was held that the purchaser had entered into a contract with the broker

[1] "In consideration of Waple & James, Inc., having negotiated this Contract of Sale, seller hereby agrees to pay said firm the regular brokerage commission as prescribed by the Washington Real Estate Board."

[2] Grossman v. Herman, 266 N.Y. 249, 194 N.E. 694; Lee v. Woodard, 259 N.Y. 149, 181 N.E. 81; Morgenthau-Seixas Co. v. Greene, 143 Misc. 456, 256 N.Y.S. 685; Goff v. Adelson, 229 App.Div. 802, 242 N.Y.S. 278; Gibson Land Auction Co. v. Brittain, 182 N.C. 676, 110 S.E. 82, 20 A.L.R. 211; Brockway-Mecklenburg Co. v. Hilderman, 90 Mont. 317, 2 P.2d 1018, 1019; Harling v. Tift, 43 Ga.App. 94, 157 S.E. 914; Alverson v. McCoy, 212 Ky. 9, 278 S.W. 547; Hicks Realty Co. v. Stabile Const. Co., 219 Ky. 282, 292 S.W. 780; Evrit & Wightman v. Bancroft, 22 Ohio St. 172; Messer-Johnson Realty Co. v. Newman, 210 Ala. 340, 98 So. 20; Tinsley v. Dowell, 87 Tex. 302, 26 S.W. 946; Le Master v. Dalhart Real Estate Agency, 56 Tex. Civ.App. 302, 121 S.W. 185; Restatement of the Law of Agency, sec. 372 (2); Cf. Danciger Oil & Refining Co. v. Wayman, 169 Okl. 534, 37 P.2d 976, 97 A.L.R. 854.

[3] Cavender v. Waddingham, 2 Mo.App. 551; Atkinson v. Pack, 114 N.C. 597, 19 S.E. 628; Livermore v. Crane, 26 Wash. 529, 67 P. 221, 57 L.R.A. 401; Eells Bros. v. Parsons, 132 Iowa 543, 109 N.W. 1098, 11 Ann.Cas. 475; Calkins

to secure the property as agent for the purchaser. The facts of the instant case, on the contrary, show that there was no agreement by the purchaser to pay the broker's commission, and that there was no contract, express or implied, whereby the broker was employed by the defendants.

The judgment below included expenses claimed to have been incurred by plaintiff at the instance of the defendants in securing examination of title, title certificate, and preparation of deed. The contract recited that all conveyancing fees were to be paid by the purchaser who "authorizes" the plaintiff to order the necessary papers for the transfer of title to the property. It appears that these services were rendered by a title company. It does not appear that the charges therefor were paid by either plaintiff or defendants. If there had been in fact a principal and agent relation between defendants and plaintiff, that employment "implies not only an undertaking to indemnify the broker in respect to the execution of his agency, but likewise implies a promise on the part of the principal to repay or reimburse him for such losses or expenditures as may become necessary or may result from the performance of his agency." Bibb v. Allen, 149 U.S. 481, 499, 13 S.Ct. 950, 956, 37 L.Ed. 819. But, if it can be said that this contract permits the plaintiff to incur liability for these charges, he still may not recover from defendants in an action at law without first having made payment.[4] As the record does not show payment by plaintiff in this case, the judgment for these items was erroneous.

In this view of the case, we find it unnecessary to pass on other questions raised.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

v. F. W. Woolworth Co., 8 Cir., 27 F.2d 314.

[4] Restatement of the Law of Agency, sec. 438, comment c; Schubert v. August Schubert Wagon Co., 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293; Arwshan v. Meshaka, 288 Mass. 31, 192 N.E. 162.