[Civ. No. 3823. Fourth Dist. May 17, 1948.]

HAROLD E. HUNTER, Appellant, v. WILLIAM K. VERNON et al., Defendants; JULES E. RUFENER, Respondent.

Jacob Chaitkin and Clifford A. Rohe for Appellant.

Robert G. Beloud for Respondent.

MARKS, J.—This is an appeal from a judgment for respondent after his general demurrer to appellant's second amended complaint had been sustained and appellant had failed to amend within the 10 days allowed by the court.

The second amended complaint contained two causes of action. The first was against William K. and Jean J. Vernon to recover a real estate commission from them amounting to $7,125 for the sale of property known as Vernon's Mt. Baldy Lodge. The second was directed against respondent, and respondent doing business as Alta Vista Drug Company, on a check for $10,000 given as a down payment on the purchase price of the property. The record does not disclose what disposition, if any, was made of the cause of action against Mr. and Mrs. Vernon so little further attention need be given it as appellant has brought before us for review only the judgment in favor of respondent.

The allegations of the second amended complaint, material here, must be summarized. It is alleged that plaintiff is a duly licensed real estate broker; that on August 30, 1946, he was employed by Mr. and Mrs. Vernon to find a purchaser for the property involved; that he would be paid a commission of 5 per cent of the selling price; that on September 14, 1946, he procured Mr. and Mrs. Rufener as purchasers of the property for $142,500; that the purchasers were then willing, ready and able to purchase the property; that a written contract of purchase and sale, called a deposit receipt, was executed, a copy of which was attached to and made a part of the pleading; that as part of the transaction respondent executed and delivered to appellant a check for $10,000, payable to him, on the back of which was written, "This check not to be deposited until deal on Vernon's Mt. Baldy Lodge goes in escrow;" that this check was made payable to appellant, at the request of Mr. and Mrs. Vernon, to secure and discharge their obligation to pay appellant his commission of $7,125; that respondent refused, failed and neglected to

complete the purchase and to pay any part of an additional $40,000 down payment into escrow, and on September 17, 1946, stopped payment on the check so that it was not paid when presented.

The deposit receipt signed by respondent and the sellers contained the following:

"RECEIVED FROM Jules E. & Ann E. Rufener . . . the sum of $10,000.00 being a part payment on Vernons Mt. Baldy Lodge, Camp Baldy, California. . . . Balance of first payment, to wit $40,000.00 dollars to be deposited in escrow within thirty days from above date and failing to make such payments, above amount paid is retained by and forfeited to _____.__ as liquidated damages. Purchaser agrees to purchase said property at above price and terms. . . . Dated this 14th day of September, 1946, at Camp Baldy, California. /s/ Jules E. Rufener Purchaser  Agent Harold E. Hunter, License #17045 /s/ Ann E. Rufener  Purchaser Per /s/ Harold E. Hunter.

"I accept above sale and agree to pay Harold E. Hunter commission of Five Percent (5%)__ Dated September 14, 1946

> Owner /s/ Jean J. Vernon
> Owner /s/ Wm. K. Vernon."

It is not claimed that respondent, in writing or otherwise, ever promised to pay appellant any commission for his services in the transaction nor did he promise to pay him anything except as evidenced by the check.

It is clear from the deposit receipt that the $10,000 evidenced by the check, was part of the purchase price of the property to be paid by respondent to Mr. and Mrs. Vernon. It is also clearly alleged that it was made payable to appellant "to secure and discharge the obligation of the defendants William K. Vernon and Jean J. Vernon to pay the sum of $7,125.00 to the plaintiff as and for his brokerage commissions." If the sale had been completed appellant would not have been entitled to the full $10,000 but only to $7,125.

The recital in the deposit receipt to the effect that the $10,000 could be retained as liquidated damages in case the purchasers refused to complete the transaction was clearly void insofar as appellant is concerned because the amount of his loss is easily ascertainable. (Civ. Code, §§ 1670, 1671; *McInerney* v. *Mack*, 34 Cal.App, 153 [166 P. 867].)

The case of *Lubeck's Investment Co.* v. *Voris,* 68 Cal.App. 652 [229 P. 1025], is factually similar to the instant case. There the plaintiff, who was a broker negotiating the sale, received the entire purchase price from the purchaser to hold until certain formalities had been completed. The buyer refused to complete the purchase and the broker demanded its commission out of the funds in its possession. This was allowed in the judgment which was reversed on appeal, the court saying: "The effect of this agreement made the entire sum paid and held by plaintiff due and payable to the purchaser, and no part thereof could be properly withheld by plaintiff (the broker) for consummating the sale. Plaintiff was the agent of Voris; and whatever right it may have acquired to a commission under the circumstances was one against the seller and not the purchaser, who was no party to the contract providing for a commission."

The case of *Steinberg* v. *Buchman,* 73 Cal.App.2d 605 [167 P.2d 207], is another case where a broker employed by the seller attempted to collect a commission from a buyer who had failed to complete the purchase. A judgment against the broker based on a directed verdict was affirmed on appeal. It was there said:

"The case is governed by another rule, which is that a broker who is employed by and acts for only one of the parties to a transaction, and who is unable to collect a commission from his principal because of the failure of the other contracting party to complete the transaction, cannot recover damages from the latter, with whom he has no contract. (8 Am.Jur., § 149, p. 1073; *Brockway-Mecklenburg Co.* v. *Hilderman,* 90 Mont. 317 [2 P.2d 1018]; *Goff* v. *Adelson,* 229 App.Div. 802 [242 N.Y.S. 278]; *Hokar Products Corporation* v. *Griscom & Co. Inc.,* 40 N.Y.S.2d 54; *Giovannoni* v. *Waple & James. Inc.,* 105 F.2d 108.)"

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied June 14, 1948, and appellant's petition for a hearing by the Supreme Court was denied July 15, 1948. Edmonds, J., voted for a hearing.