## C. E. TURNURE v. HENRY POSS et al.

Eastern Section. ——— —, ——.

Nipper & McCalla, of Chattanooga, for plaintiff in error.

Edward Finley and S. B. Smith, of Chattanooga, for defendant in error.

PORTRUM, J. One, L. R. Mullis, listed his house for sale with Poss Bros., a firm of real estate agents, at the price of $5200. The agents called upon the plaintiff-in-error and tried to sell him the property at the list price but he declined to buy at this price. He offered the sum of $5000 for the property, and the agents called upon the seller who agreed to accept the reduced price provided the agents would reduce their commission to the sum of $185. The listing contract was modified accordingly; and a contract was executed by the purchaser to buy the property at the price of $5000.

The agents procured a guaranty of title, and the drafting of a deed, at an expense of $15.50, and attempted to deliver it to the purchaser who declined to accept it, assigning as a reason that his wife had become dissatisfied with the purchase.

The agent then sued the defaulting purchaser for the loss of the commission and expense incurred by reason of his failure to perform his contract of purchase.

The defendant demurred on the ground there was no privity of contract between him and the agents; the demurrer was overruled and the case went to trial before a jury. At the conclusion of the evidence, the defendant moved for a directed verdict and the motion was overruled, when the jury returned a verdict in favor of the plaintiff for $200.50, the commission and expenses. From the judgment on the verdict, the defendant appealed.

The material question presented in this court is the right of the agents to recover from the contracting buyer their commissions due them under their contract with the seller. Under this contract when the agents procured a purchaser who bound himself in writing to buy the property at the stipulated price, and this offer was accepted, then the agents had performed their contract with the seller, had earned their commission, and were entitled to collect from the seller, notwithstanding the purchaser breached his contract by refusing to carry out the sale. Parker v. Walker, 86 Tenn., 566, 8 S. W., 391.

The agents have not pursued their claim against the seller, but have asserted a right to recover from the contracting buyer for the breach of his contract with the seller. Now have they a cause of action against both the seller and the buyer to recover the commissions contracted by the seller? We think not. There was no privity of contract between the buyer and the agents. Without question the seller has a cause of action against the buyer for the buyer's breach of contract (if he desires to prosecute it, and has not lost it by his own fault) and he can enforce specific performance or sue for damages. Suppose the agents recover their commission from the purchaser and the seller later seeks and obtains a specific performance. The buyer would then pay the commissions in addition to the purchase price. Here the agents have a good cause of action against the seller, because they have fully performed their contract, but the agents assert an independent cause of action against the buyer because of his breach of his contract. When the seller is liable for the commissions and solvent, what damages have the agents suffered because of the breach by the buyer? We are of the opinion there was no privity of contract between the agents and the buyer and the agents have no cause of action arising out of the breach of the buyer's written contract. Gibson Land Auction Co. v. Britton, 182 N. C., 677; Messrs-Johnson Realty Co. v. Newman, 210 Ala., 340;

Kinscherf v. Bittes, 173 N. Y. S., 547; Hill v. Alexander, 195 S. W. (Tex.), 957.

Counsel for the agents insist they do not seek to recover for the breach of the written contract of purchase executed by the buyer but that there arose an implied contract between themselves and the buyer for services they rendered him; we will let counsel state their proposition:

"It is our contention that when the defendant Turnure told Poss Brothers that he would not pay fifty-two hundred fifty dollars, but would pay five thousand dollars if they could get Mullis to accept it, that he made an implied contract with these real estate brokers to render services for him."

In support of this proposition, counsel cite the following cases as in point, namely: Atkinson v. Pack, 114 N. C., 5971; Eells Bros. v. Parson, 132 Iowa, 443; Livermore v. Crane, 26 Wash., 529; Bishop v. Everal, 17 Wash., 209, 49 Pac., 237; Cavender v. Waddingham, 2 Mo. App., 551.

Before attempting to distinguish the instant case from those last cited, we will analyze this proposition. When the agents first approached the buyer they represented the seller and sought to make a sale for $5250. The prospect was not interested at this sum but offered $5000; then the realty brokers became the agents of the prospect for the purpose of inducing the seller to reduce the price. And it is insisted the law will recognize this dual capacity and raise an implied contract between the prospect and the agent. Now, it is not to the interest of the seller that his agents consent to a reduction of the price, nor is it to the interest of the agents whose commissions are based upon the price. But contrary to their principal's interest and their own, they impliedly made contracts to serve the opposing party. Clearly, under such circumstances, the agents attempt to serve two masters.

The theory of the case is that the agents are entitled to recover for the breach of this so-called implied contract, and not for the breach of the written contract signed by the defaulting purchaser. And that their damages should be measured by the commission contracted for with the seller. If it were possible for the agents to represent both the seller and the buyer they should be paid a fair compensation for services they rendered each, by each. In this case they reduced the price by the sum of $250, and this measured the benefit of their services to the buyer, but the agents insist on a recovery for services rendered the seller and have recovered $200.50 from the buyer. Were we to adopt the theory of an implied contract, this sum seems high for the service rendered under the implied agency.

Will the fact that the buyer has breached his contract with the seller, and entailed a hardship upon the brokers, warrant the court in raising an implied contract for their relief? If we do should we not recognize this principle in all future cases? It seems to us that we should be consistent and where like relationships arise declare and enforce like remedies.

Suppose a broker has property listed for sale at one hundred thousand dollars, he finds a purchaser willing to pay seventy-five thousand dollars and the agent then, as the agent in law of the purchaser, called upon the seller and gets him to accept the offer and the trade is consummated—if the law raises an implied contract between the broker and purchaser, then the broker would be entitled to collect compensation under the expressed and also the implied contracts.

When the agent has an expressed contract with the seller for full compensation, the law will not raise an implied contract in a third person, to pay for the same service. The cases cited by the defendant-in-error do not announce a different rule. The principle in all are the same, and without attempting to review each we will content ourselves by stating the principle announced as we understand it. Where a prospective purchaser enlists the services of a real estate broker to procure a contract of sale in order that he may purchase the land at a specified price, with the broker's commissions to be paid by the seller, and the broker performs the agreement by procuring the contract to sell at a designated price but the prospective buyer refused to carry out his agreement to take the land, then the broker may recover his loss, which is measured by his commission, from the buyer. The brokers in the first instance became the agents of the buyer, under an agreement to procure for him a contract for the sale of the land wanted. When the agents performed their duties by procuring the contract, their fee or compensation was earned. Had the brokers attempted to sell this land to another after procuring the contract for their principal, they would have breached their trust. The principal could not say the agents were not entitled to their compensation after the performance of their agreement just because the principal wanted to abandon the undertaking. There is nothing wrong in the seller contracting with the buyer to pay his (the seller's) brokerage commissions; and a buyer may employ a broker to make a purchase for him with the agreement the seller will pay the commissions. The payment of the commission is only an incident to the employment. One may enter into an agreement to render services for another and look to a third person for his compensation but the party to the contract cannot lay obstacles in the way of the collection from the third party nor defeat the payment.

The line of cases relied upon by the defendant in error are inapplicable to the facts of this case. The theory advanced by defendant-in-error seems to be an afterthought, for the declaration makes no reference to an implied contract nor does it state facts from which it could be inferred the plaintiffs rendered the defendant any peculiar services.

The demurrer should have been sustained; there is no evidence in this record to support a cause of action against the defendant.

The motion to direct a verdict is here sustained and the suit dismissed, at the cost of the plaintiffs.

Snodgrass and Thompson, JJ., concur.