IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 17, 2001 Session

# DONNA HOOVER HARRIS v. RULON T. HARRIS AND PAIGE PEMBERTON WILLIAMS v. F. FORD BEACH, JR.

**Direct Appeal from the Chancery Court for Shelby County**
**No. D30268-1; The Honorable Walter L. Evans, Chancellor**

---

**No. W2001-00502-COA-R3-CV - Filed January 4, 2002**

---

This appeal involves a realtor's commission for a failed sale of real property that was jointly owned by parties to a divorce. Upon the divorce of the property owners, the court ordered that their residence be sold. Having a listing agreement with a realtor in place, a contract for the purchase of the property was signed. After difficulty consummating the sale, the realtor and the purchaser intervened in the divorce and were granted specific performance of the contract. The court's order set a closing date and an alternative divestiture closing date in case the parties again refused to cooperate. As contemplated by the court, the divorcing property owners failed to attend the closing and a date for the divestiture closing was set. A foreclosure was to occur, however, before the divestiture closing. One hour before the foreclosure, the purchaser under the contract acquired the note and allowed the foreclosure to proceed. The purchaser then acquired the remaining interest in the property at the foreclosure. The chancery court ordered the purchaser to pay to the realtor a commission on the amount paid for the note. The purchaser appealed, and for the following reasons, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

James M. Allen, Memphis, TN, for Appellant

G. Keith Rogers, Jr., Collierville, TN, for Intervenor/Appellee

# OPINION

## Facts and Procedural History

Donna Harris and Rulon Harris (collectively referred to as the Harrises) were granted a divorce by a Shelby County, Tennessee chancery court on December 17, 1999. The final decree of divorce ordered the Harrises to sell their jointly owned real estate located at 1879 Poplar Avenue in Memphis. The decree noted that Ford Beach (Mr. Beach) of Beach Investment Company had been chosen as the listing agent for the property.

Soon after the court order was issued, the Harrises and Mr. Beach executed a commission and listing agreement. The agreement named Mr. Beach as the exclusive broker of the property. Under the agreement, the Harrises were to tender a six percent commission to Mr. Beach upon sale of the property.

On May 12, 2000, with Mr. Beach still serving as the Harrises' listing agent, the Harrises entered into a contract to sell the property to Paige Pemberton Williams (Ms. Williams) for $145,500.00. After several failed closing attempts, Ms. Williams and Mr. Beach were allowed to intervene in the Harrises' divorce action. Upon motions by Ms. Williams and Mr. Beach, the court ordered specific performance of the contract on the Harrises' property.

Under the ruling, the court ordered the Harrises to attend a closing set for July 21, 2000 and convey the property to Ms. Williams. The court's order stated that if the Harrises failed to attend the hearing, the property would be divested from the Harrises and transferred to Ms. Williams without the Harrises' involvement. A divestiture closing would be set to accomplish this if necessary. Further, to help enable the Harrises to close, the court's order stated that Mr. Beach "agrees to waive [$1,000.00] of the commission to which he is entitled from the sale and [Ms. Williams] agrees to add to the agreed upon purchase amount the amount remaining as 'Due from Seller.' " In effect, this language required Ms. Williams to pay $1,000.00 of the commission the Harrises would owe upon sale of the property.

Ms. Williams attended the July 21, 2000 closing and tendered the appropriate funds. The Harrises, however, failed to attend as ordered by the court, causing the transfer to fail. Accordingly, as contemplated in the court's previous order, a divestiture closing was set for the end of August.

Soon after the failed closing, Ms. Williams discovered that foreclosure proceedings were being initiated on the property by a mortgage holder. The foreclosure proceedings were scheduled to occur before the divestiture closing. Ms. Williams contacted the mortgage holder and attempted to delay the foreclosure until after the divestiture closure. The mortgage holder refused, however, due to previous extensions granted to the Harrises. On August 10, 2000, one hour before the scheduled foreclosure sale, Ms. Williams purchased a first mortgage on the property for

$116,000.00. She then allowed the foreclosure to proceed and acquired the remaining interest in the property at the sale.

On August 28, 2000, Mr. Beach petitioned the court to hold Ms. Williams in civil contempt for purchasing the mortgage and remaining interest in the property in a manner outside the scope of the court's order. At the hearing on Mr. Beach's petition, the court found that Ms. Williams did nothing illegal or contrary to the court's order. Instead, the court held that Ms. Williams "just took advantage of a situation that adhered to her benefit."

Failing to find contempt, the court decided to treat Mr. Beach's petition as a petition to collect a real estate commission. As a result, the court, under its equitable powers, ordered Ms. Williams to pay Mr. Beach $6,960.00 - six percent of $116,000, the price paid by Ms. Williams for the mortgage on the property. Ms. Williams appeals from that decision.

## Issues

I. Whether the chancery court erred in holding Ms. Williams, as the buyer of the property, liable for $6,960.00 of Mr. Beach's agreed upon commission; and

II. Whether the chancery court erred in failing to find Ms. Williams liable for the entire commission and attorney's fees expended in the attempt to collect the commission.

## Standard of Review

When a civil action is heard by a trial judge sitting without a jury, our review of the matter is *de novo* on the record, accompanied by a presumption of correctness of the factual findings below. Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988); T.R.A.P. 13(d). We may not reverse the findings of fact made by the trial judge unless they are contrary to the preponderance of the evidence. Jahn v. Jahn, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). This presumption of correctness, however, does not attach to the trial judge's legal determinations or the trial court's conclusions that are based on undisputed facts. NCNB Nat'l Bank v. Thrailkill, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993).

## Law and Analysis

Ms. Williams argues, and we agree, that there is no legal or equitable basis for holding her liable for the real estate commission. First, no contract existed between Ms. Williams and Mr. Beach. Instead, the only contract denoting the six percent commission due to Mr. Beach upon sale of the property existed between Mr. Beach and the Harrises.

Further, no contract can be implied between Ms. Williams and Mr. Beach. We stated in Turnure v. Poss, 12 Tenn. App. 519, 522 (Tenn. Ct. App. 1931) that, "[w]hen the agent has an expressed contract with the seller for full compensation, the law will not raise an implied contract in a third person, to pay for the same service." Here, Mr. Beach and the Harrises executed a contract, which appears from the record to contemplate full compensation to Mr. Beach for the sale of the

property. Thus, although a cause of action may lie against the Harrises under a breach of contract theory, a cause of action for the same cannot be maintained against Ms. Williams.

Second, we agree with the chancery court in holding that Ms. Williams did not act illegally or in violation of the court's order. No law or precedent prevented Ms. Williams from purchasing the mortgage on the property and allowing the foreclosure to proceed. Similarly, we find nothing in the court's order violated by Ms. Williams. Accordingly, Ms. Williams's conduct, with regard to the applicable law and court order, could not have served as a proper basis for finding her liable for the commission.

Although Mr. Beach fails to identify any case law or statute supporting the court's ruling, he argues that the court acted properly under its equitable jurisdiction in holding Ms. Williams liable. Mr. Beach cites numerous equitable maxims, which he alleges empowered the court to rule in his favor. We respectfully disagree, however, with Mr. Beach's conclusions.

In support of his argument, Mr. Beach alleges that Ms. Williams "decided to take advantage of the divorcing couple and of [Mr. Beach] behind legal technicalities." We find this statement to be far from the truth. If any parties are to be considered at fault in this action, those parties can only be the Harrises. Further, exercising legally vested rights cannot be deemed by this court to be hiding "behind legal technicalities."

At all times relevant to this appeal, the Harrises refused to cooperate with one another, even to the limited extent of proceeding together with the court ordered sale of their real estate. Their violation of the court's orders is the sole reason Ms. Williams even became a party to the underlying suit. In addition, the Harrises failure to keep the mortgage current resulted in the possibility of making the court's order demanding them to sell the property a nullity. Their actions allowed Ms. Williams to act within her legal rights, purchase the mortgage, and allow the foreclosure to proceed.

Accordingly, by our review of the record, neither legal nor equitable grounds exist for holding Ms. Williams liable for Mr. Beach's commission. Mr. Beach may be correct in his assertion that he "earned" his fee. His fee, however, was not earned from the Ms. Williams. Because we find that Mr. Beach was entitled to no commission from Ms. Williams, we pretermit the issue on attorney's fees.

### Conclusion

For the foregoing reasons, the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed against Appellee, F. Ford Beach, Jr., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE